UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMOTHY KELLY,
on behalf of himself and
all others similarly situated,

    Plaintiff,

v.                                          Civil Action No. 3:13cv311

NATIONSTAR MORTGAGE, LLC,

    Defendant.

## CLASS ACTION COMPLAINT

1. Plaintiff Timothy Kelly, on behalf of himself and all others similarly situated, alleges that Defendant Nationstar Mortgage, LLC violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA") by failing to disclose to Virginia consumers the amount of the debt that was owed in its initial communication, as required by the FDCPA's cornerstone disclosure provisions found at 15 U.S.C. § 1692g(a) and failing to disclose in written communications that the communications are from a debt collector in violation of 15 U.S.C. § 1692e(11).

### I. JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k(d). Venue in this District is proper because Plaintiff resides here and Defendant sent correspondences to Mr. Kelly into this District.

### II. PARTIES

3. Plaintiff Timothy Kelly is a natural person who resides in Fredericksburg, Virginia.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Defendant Nationstar Mortgage, LLC (hereinafter "Nationstar") is a Delaware limited liability company, which has its place of business located at 350 Highland Drive, Lewisville, Texas 75067, and has as its registered agent Corporation Service Company located at Bank of America Center, 16th floor, 1111 E. Main Street, Richmond, Virginia 23219.

6. Defendant regularly uses the mails and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect, directly or indirectly, debts owe or due or asserted to be owed or due for other parties and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. §1692a(6).

### III. FACTUAL ALLEGATIONS

8. Plaintiff Kelly borrowed $272,000.00 for a home mortgage loan, as evidenced by a promissory note ("Note") dated August 11, 2005. The Note was payable to E-Loan, Inc.

9. The Note was secured by a Deed of Trust dated August 11, 2005.

10. The subject debt arose from a home loan, a transaction incurred primarily for personal, family or household purposes.

11. Facing financial hardship, Plaintiff Kelly later became in default on his home loan.

12. Defendant sent Plaintiff Kelly a letter dated October 30, 2012 advising that the servicing of his home loan was being transferred from Bank of America to Nationstar Mortgage, LLC effective October 15, 2012.

13. Exhibit A is a true copy of this letter.

14. Exhibit A states that "the right to collect payments from you, is being assigned, sold or transferred…" and discusses payment options for the debt.

15. To the best of his recollection, Exhibit A was the only document Plaintiff Kelly received in the envelope that contained the correspondence.

16. Defendant failed to disclose that this communication is from a debt collector.

17. Defendant also failed to disclose that it is attempting to collect a debt and any information obtained would be used for that purpose.

18. Both omissions are violations of 15 U.S.C. § 1692e(11).

19. The FDCPA "expressly prohibits this exact *omission* by requiring debt collectors to disclose their status in every communication with a consumer." *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir. 2012).

20. Defendant sent Plaintiff Kelly another letter dated October 30, 2012.

21. Exhibit B is a true copy of that letter.

22. Plaintiff Kelly became in default on his loan prior to October 30, 2012.

23. Plaintiff Kelly was in default when Defendant sent Exhibits A and B.

24. Plaintiff Kelly was in default when Defendant became the servicer of his home loan.

25. As a consequence of Plaintiff Kelly having been in default at the time Defendant became the servicer of Plaintiff Kelly's loan, Defendant is considered to be a "debt collector," within the meaning of the FDCPA.

26. The text of Exhibit B reads in pertinent part:

Dear TIMOTHY L KELLY

Welcome to Nationstar Mortgage!

We look forward to servicing your loan on behalf of FREDDIE MAC.

- Your total debt as of 10/15/12 is $202,197.64. This amount includes your outstanding Unpaid Principal Balance of $186,825.96,

$9,865.74 in Interest, $1,334.92 from Fees, and $40.00 from expenses paid on your behalf. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. For further information, write the undersigned or call 1-866-316-2432.

- The creditor to whom the debt is owed is FREDDIE MAC, but the debt is being serviced by Nationstar.

- Unless you dispute the validity of this debt, or any portion thereof, in writing within thirty (30) days after receipt of this notice, the debt will be assumed to be valid by Nationstar.

- If you notify Nationstar in writing within this thirty (30) day period that the debt, or any portion thereof, is disputed, Nationstar will obtain verification of the debt and a copy of such verification will be sent to you.

- Upon your written request within the thirty (30) day period, Nationstar will provide you with name and address of the original creditor, if different from the current creditor.

We welcome you to Nationstar Mortgage and look forward to being your mortgage servicer.

Mail written disputes to:
Nationstar Mortgage LLC
Attn: Research Department
350 Highland Drive
Lewisville, TX 75067

For Customer Service Inquiries, call toll free at 1-866-316-2432.

Sincerely,

Nationstar Mortgage LLC

***This is an attempt to collect a debt and any information obtained will be used for that purpose.***

(Emphasis in original)

27. Exhibit B is Defendant's attempt to make the debt validation disclosures required by the FDCPA at 15 U.S.C. § 1692g.

28. Exhibit B fails to make the § 1692g disclosures.

29. Exhibit B does not contain the amount of the debt as of the date of the notice, in violation of 15 U.S.C. § 1692g(a)(1).

30. The amount of the debt in Exhibit B does not add up to the amount the Defendant claims is due, resulting in a misrepresentation of the amount of the debt that is due.

The omission of the § 1692e(11) disclosures was a violation of the FDCPA.

## IV. CLASS ACTION ALLEGATIONS CLASS ACTION ALLEGATIONS

31. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class initially defined as follows:

> All natural persons residing in Virginia at the time that they received correspondence from the Defendant (i) in an attempt to collect a debt serviced by the Defendant, (ii) that was incurred primarily for personal, household or family purposes (iii) at a time that Defendant's records stated that the subject debt was in default, (iv) during the one year period prior to the filing of the Complaint in this matter.

> Subclass 1: All natural persons residing in Virginia at the time that they received a Notice of Assignment, Sale or Transfer of Servicing Rights similar to Exhibit A from the Defendant (i) in an attempt to collect a debt serviced by the Defendant, (ii) that was incurred primarily for personal, household or family purposes (iii) at a time that Defendant's records stated that the subject debt was in default, (iv) during the one year period prior to the filing of the Complaint in this matter, (v) that failed to disclose that the communication was from a debt collector. ("Notice of Assignment Class").

> Subclass 2: All natural persons residing in Virginia at the time that they received a Dunning Notice similar to Exhibit B and E from the Defendant (i) in an attempt to collect a debt serviced by the Defendant, (ii) that was incurred primarily for personal, household or family purposes (iii) at a time that Defendant's records stated that the subject debt was in default, (iv) during the one year period prior to the filing of the Complaint in this matter, (vi) that failed to disclose the amount of the debt as of the date of the letter. ("Amount of Debt Class").

32. **Numerosity.** Fed. R. Civ. P 23(a)(1) Upon information and belief, Plaintiff alleges that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Defendant and the class members may be notified of the pendency of this action by published

and/or mailed notice.

33. **Predominance of Common Questions of Law and Fact.** FED. R. CIV. P. 23(a)(2). Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members. The principal issues are:

   a. Whether Nationstar Mortgage, LLC is a debt collector.

   b. Whether Defendant had to disclose that it was a debt collector on all correspondences to the Plaintiff and the putative class members.

   c. Whether Defendant's correspondence in the form of Exhibit B violated the FDCPA because it fails to identity the amount of the debt.

34. **Typicality.** FED. R. CIV. P. 23(a)(3) Plaintiff's claims are typical of the claims of each putative class member. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories.

35. **Adequacy of Representation.** FED. R. CIV. P. 23(a)(4) Plaintiff is an adequate representative of the putative class, because his interests coincide with, and are not antagonistic to, the interests of the members of the Class they seek to represent; he has retained counsel competent and experienced in such litigation; and he has and intends to continue to prosecute the action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the members of the Class. Neither Plaintiff nor his counsel have any interests which might cause him not to vigorously pursue this action.

36. **Superiority.** FED. R. CIV. P. 23(b)(3) Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action

is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

37. **Injunctive Relief Appropriate for the Class.** FED. R. CIV. P. 23(b)(2). Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. § 1692e(11)

38. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

39. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(11) by failing to disclose in its Notice of Assignment, Sale or Transfer of Servicing Rights that the communication is from a debt collector.

40. Defendant also failed to disclose in its Notice of Assignment, Sale or Transfer of Servicing Rights that it is attempting to collect a debt and any information obtained would be used for that purpose in violation of 15 U.S.C. § 1692e(11).

41. Plaintiff and the putative class members are therefore entitled to actual and statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)

42. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

43. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(1) because the "Dunning Notice" does not contain the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

44. Plaintiff and the putative class members are therefore entitled to actual and statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff Timothy Kelly requests that the Court enter judgment on behalf of himself and the class she seeks to represent against Defendant Nationstar Mortgage, LLC for:

    A.    Certification for this matter to proceed as a class action;

    B.    Declaratory relief that Defendant's use of Exhibit A and B violate the FDCPA as alleged;

    C.    Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

    D.    Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§1692k(a)(3); and

    E.    Such other or further relief as the Court deems proper.

                      Respectfully submitted,

                      By Counsel


_____
By: Dale W. Pittman, VSB#15673

By: Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com

Kristi Cahoon Kelly, Esq., VSB #72791
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
(703) 277-9774
(703) 591-9285 Facsimile
kkelly@siplfirm.com

Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
(757) 930-3660
(757) 930-3662 Facsimile

Matthew J. Erausquin, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 Facsimile

Counsel for Plaintiff


_____
By: Dale W. Pittman, VSB#15673

By: Dale W. Pittman, VSB#15673

_____
By: Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com

Kristi Cahoon Kelly, Esq., VSB #72791
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
(703) 277-9774
(703) 591-9285 Facsimile
kkelly@siplfirm.com

Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
 (757) 930-3660
(757) 930-3662 Facsimile

Matthew J. Erausquin, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 Facsimile

Counsel for Plaintiff