**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**TIMOTHY KELLY,**
**on behalf of himself and**
**all others similarly situated,**

      **Plaintiff,**

    **v.**                            **Civil Action No. 3:13cv311 (JAG)**

**NATIONSTAR MORTGAGE, LLC,**

      **Defendant.**

**DEFENDANT NATIONSTAR MORTGAGE, LLC'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Nationstar Mortgage, LLC ("Nationstar" or "Defendant"), by counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), submits this Memorandum in Support of its Motion to Dismiss the putative Class Action Complaint ("Complaint") (ECF 1) filed by Plaintiff Timothy Kelly ("Plaintiff"). For the reasons set forth below, Plaintiff's Complaint fails to state a claim for which relief can be granted and must be dismissed with prejudice.

## I.    INTRODUCTION

Plaintiff filed this action on behalf of himself and a putative class of Virginia residents alleging two technical violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") on the face of Nationstar's letters to Plaintiff. Plaintiff does not allege that he is confused about his debt, its amount, or to whom it is owed. Neither does he allege that Nationstar employed any abusive or deceptive debt collection practices or that Plaintiff suffered any actual damages.

Plaintiff asserts two class claims. In Count I, Plaintiff claims that Nationstar's Notice of Servicing Transfer sent pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601,

*et seq.* (the "Notice of Servicing Transfer"), violates 15 U.S.C. § 1692e(11) because it does not contain a disclosure that the communication is from the debt collector and is intended to collect a debt, the so-called "mini-Miranda." Plaintiff seeks to certify a class of Virginia residents who received a similar Notice of Servicing Transfer without the mini-Miranda. Plaintiff's claim fails as a matter of law because the Notice of Servicing Transfer is not a communication in connection with the collection of debt: it does not request any payment and does not include the amount due or the due date, but simply notifies Plaintiff of the servicing transfer. Accordingly, no mini-Miranda pursuant to section 1692e(11) is required.

Count II of Plaintiff's Complaint arises from Nationstar's letter to Plaintiff containing the debt validation disclosures (the "FDCPA Letter"). Plaintiff alleges that the FDCPA Letter fails to disclose the amount of debt, in violation of 15 U.S.C. § 1692g(a)(1), because the FDCPA Letter did not disclose the amount of debt as of the date of the letter and seeks to certify a class of Virginia residents who received such a letter. Plaintiff's claim is not supported by the statutory language or any controlling case law, and is contrary to the on-point precedent on the issue from federal courts that have addressed it. Therefore, Plaintiff's claim under section 1692g(a)(1) fails as a matter of law and should be dismissed with prejudice.

## II.    FACTUAL ALLEGATIONS

### A.    Plaintiff's Loan.

On August 11, 2005, Plaintiff obtained a $474,000 home loan (the "Loan") from E-Loan, Inc. (Compl. ¶ 8). Plaintiff alleges that he defaulted on his loan repayment obligations some time before October 20, 2012 and remained in default. (Compl. ¶ 22).

### B.    Servicing Transfer to Nationstar and Nationstar's Welcome Package.

Effective October 15, 2012, the Loan was transferred for servicing to Nationstar. (Compl. ¶ 12). On October 30, 2012, Nationstar sent Plaintiff three letters:

- A letter welcoming Plaintiff to Nationstar, notifying Plaintiff of Nationstar's contact information, services, payment options, workout solutions, and enclosing a payment coupon (the "Welcome Letter," attached hereto as **Exhibit 1**);[1]

- The Notice of Servicing Transfer (attached hereto as **Exhibit 2**); and

- The FDCPA Letter containing disclosures pursuant 15 U.S.C. § 1692g and advising Plaintiff of her rights under the FDCPA (attached hereto as **Exhibit 3**).[2]

C.      **The Welcome Letter.**

Right above the payment coupon, the Welcome Letter contains a conspicuous disclosure in bold pursuant to 15 U.S.C. § 1692e(11) (the "Mini-Miranda"):   ***"Nationstar is a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose."*** Ex. 1 (emphasis in the original).

D.      **The Notice of Servicing Transfer.**

The Notice of Servicing Transfer advises Plaintiff of the servicing transfer.  (Ex. 2).  It also supplies Plaintiff with the contact information for Nationstar and explains Plaintiff's rights under the RESPA, including the right to request loan servicing information via a qualified written request and Nationstar's obligations to conduct an investigation and make corrections to Plaintiff's account, if necessary.  (*Id.*).  The Notice of Servicing Transfer also references the

---

[1] On a motion to dismiss, the court may consider documents central to a plaintiff's claim without converting the motion to dismiss into one for summary judgment. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396-97 (4th Cir. 2006).  A court may also consider uncontested documents that are relevant to the disposition of a motion to dismiss.  *Am. Int'l Specialty Lines Ins. Co.*, 628 F. Supp. 2d 674, 678 (E.D. Va. 2009).  Here, Plaintiff references two letters sent to Plaintiff on October 30 but fails to mention of the Welcome Letter, which is integral to Plaintiff's FDCPA claims.

[2] Neither the Notice of Servicing Transfer nor the FDCPA Letter are attached to the Complaint. However, the Court may consider them because they are referenced in the Complaint and are central to Plaintiff's claims.  *Pham v. Bank of N.Y.*, 856 F. Supp. 2d 804, 813 (E.D. Va. 2012) ("The record on a motion to dismiss includes 'documents incorporated into the complaint by reference.'")

enclosed Welcome Letter.  (*Id.*)  Significantly, the Notice of Servicing Transfer does not list any amount due or the due date and does not request any payment.  Plaintiff does not dispute that Nationstar fully complied with the RESPA-required disclosures and does not allege that he ever sent a qualified written request or that Nationstar failed to respond to one.  Plaintiff claims that the Notice of Servicing Transfer violates 15 U.S.C. § 1692e(11) because it fails to list the mini-Miranda.  (Compl. ¶¶ 16-18).

**E.      The FDCPA Letter.**

The FDCPA Letter discloses the amount of debt as of a specific date.  Namely, it states, "Your total debt as of 10/15/12 is \$202,197.61."  (Ex. 3)

### III.      LEGAL STANDARD

To survive dismissal for failure to state a claim, the "complaint's 'factual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'"  *Demetry v. Lasko Prods.*, 284 Fed. Appx. 14, 15 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007)).  Legal conclusions and labels are insufficient to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure, and only allegations of fact are entitled to the presumption of truth.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *Twombly*, 550 U.S. at 555 (stating that a pleading that offers "legal conclusions" of "a formulaic recitation of the elements of a cause of action will not do.").  Likewise, the court need not accept "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

<div align="center">

**IV.**   A<span style="font-variant:small-caps">RGUMENT</span>

</div>

**A.**   **Count I Fails as a Matter of Law Because the Notice of Servicing Transfer Is Not A Communication in Connection with the Collection of Debt.**

Plaintiff claims that the Notice of Servicing Transfer (Ex. 2) violates the FDCPA because it does not contain the mini-Miranda required by 15 U.S.C. § 1692e(11).  (Compl. ¶¶ 39-41). This claim fails as a matter of law because the Notice of Servicing Transfer is not a communication in connection with the collection of debt, and therefore, not subject to the FDCPA.

> **1.**   **The Mini-Miranda Is Only Required in Communications in Connection with the Collection of a Debt.**

The first sentence of section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means **in connection with the collection of any debt**."  15 U.S.C. § 1692e.  This statement qualifies all examples of such false, deceptive, or misleading representations that follow, including "[t]he failure to disclose in the initial written **communication** with the consumer … that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent **communications** that the communication is from a debt collector … ."  15 U.S.C. § 1692e(11) (emphasis added).

The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium."  15 U.S.C. § 1692a(2); *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 232 (4th Cir. 2007) (finding that this definition is "broad[]").  The statute, however, does not define "in connection with the collection of any debt" and no circuit has established a bright line rule for what constitutes a communication in connection with debt collection.  **This latter inquiry is crucial because "it is well-established that not every communication between a debt collector and a consumer is subject to the**

<div align="center">

5

</div>

**FDCPA and that the FDCPA applies only to communications that are intended to collect a payment."** *Penn v. Cumberland*, 883 F. Supp. 2d 581 (E.D. Va. 2012) (Ellis, J.); *see also Hinton v. Providence Dane, LLC*, Case No. 1:10-cv-408, 2011 U.S. Dist. LEXIS 134794 (E.D. Va. 2011) (Buchanan, J.) (finding defendant did not violate section 1692e because "the failure to disclose the nature of the communication creates liability only where it takes place 'in connection with the collection of any debt'").

For the reasons stated below, the Notice of Servicing Transfer was not made "in connection with the collection of any debt." Therefore, the mini-Miranda was not required.

**2.    "In Connection With Collection of Any Debt" Is Determined by an Objective Standard.**

Prior to addressing the merits of Plaintiff's claim, it is important to clarify the standard that applies in determining whether a communication is "in connection with the collection of any debt." While the Fourth Circuit has not ruled on the issue, the Seventh Circuit has held that an objective standard, rather than the least sophisticated consumer standard, applies in determining whether a communication was sent in connection with collection of a debt. *Ruth v. Triumph P'Ships*, 577 F.3d 790, 798 (7th Cir. Ill. 2009). In reaching its holding, the court explained:

> … [W]e must conclude that the proper standard is an objective one. **To hold … that a communication is made in connection with collection of a debt … only if the unsophisticated consumer recognizes it as such, would stand the statute on its head. Unscrupulous debt collectors could shield themselves from liability simply by disguising their collection letters as something else.** The more deceptive the letters were, the more likely they would escape FDCPA liability. **Needless to say, Congress' intent in enacting the FDCPA was not to encourage debt collectors to deceive consumers; in fact, it was just the opposite. Thus, we conclude that whether a communication was sent "in connection with" an attempt to collect a debt is a question of objective fact, to be proven like any other fact. It need not be established by extrinsic evidence of what the unsophisticated consumer might think.**

*Id.* at 798 (emphasis added); *see also South v. Midwestern Audit Servs.*, 2010 U.S. Dist. LEXIS 129474 (E.D. Mich. Dec. 8, 2010) (adopting the objective standard set forth by the Seventh

Circuit in *Ruth*); *Thompson v. BAC Home Loans Servicing, L.P.*, 2010 U.S. Dist. LEXIS 30891 (N.D. Ind. Mar. 26, 2010) (same).

The Seventh Circuit's rationale in *Ruth* is highly persuasive because it promotes the FDCPA's basic purpose of protecting consumers from abusive debt collection practices. Accordingly, an objective standard applies here in determining whether the Notice of Servicing Transfer is a communication in connection with collection of the debt. Under this standard, here, the Notice of Servicing Transfer itself and on-point authority demonstrate this is not such a communication. Therefore, it does not trigger an obligation to include the mini-Miranda warning pursuant to section 1692e(11).

> **3.     Factors Used in Determining Whether a Communication Is "in Connection with Collection of Any Debt."**

Generally, "the absence of a demand for payment is a critical factor in determining whether a communication is an attempt to collect a debt." *South v. Midwestern Audit Servs.*, Case No. 09-cv-14740, 2010 U.S. Dist. LEXIS 129474, at *22-23 (E.D. Mich. Dec. 8, 2010) (citing *Bailey v. Sec. Nat'l Servicing Corp.*, 154 F.3d 384, 389 (7th Cir. Ill. 1998)). However, it is not the only factor. Courts should also consider such additional factors as "purpose and context" of the communication and should make a "commonsense inquiry" of whether the communication falls within the purview of the FDCPA. *South*, 2010 U.S. Dist. LEXIS 129474, at *22-23 (citing *Gburek*, 614 F.3d at 385); *see also Thompson*, 2010 U.S. Dist. LEXIS 30891, at *12-15 (applying the above factors in determining whether a communication was in connection with collection of a debt).

In *Thompson*, the letter at issue was also sent pursuant to RESPA and notified plaintiff of the transfer of servicing rights. 2010 U.S. Dist. LEXIS 30891, at *7-8. Similar to the Notice of Servicing Transfer here, the *Thompson* letter identified the previous servicer, provided contact

information for the new servicer, and set forth plaintiff's rights under the RESPA.  *Id.* at *8-9. Unlike the Notice of Servicing Transfer here, which contains no payment coupon or amount due, the *Thompson* letter attached a payment coupon with the amount due.[3]  Nonetheless, the court held that the *Thompson* letter was **not** in connection with collection of the debt because it did not contain a due date, did not raise the issue of plaintiff's default, did not purport to assess late fees, and did not threaten enforcement proceedings.  *Id.* at *12-13.

Courts nationwide have reached the same conclusion on similar facts.  *See, e.g.*, *McCready v. Jacobsen*, Case No. 06-2443, 2007 U.S. App. LEXIS 9651 (7th Cir. April 25, 2007) (holding that letter that did not demand payment but simply provided at plaintiff's request "an accounting of how his security deposit had been applied toward unpaid rent and repairs" was not a collection letter subject to the FDCPA); *Gillespie v. Chase Home Finance, LLC*, Case No. 3:09-cv-191, 2009 U.S. Dist. LEXIS 108837 (N.D. Ind. Nov. 20, 2009) (holding that letters were not the type of communications proscribed by Section 1692 where the letters only "advised the mortgagors that their delinquent debts had been turned over to the … Homeowner's Assistance Department ….  Although ensuring payment of the debts cannot be denied as the Defendant's ultimate goal, the letters themselves did not provide terms of payment or deadlines, threaten further collection proceedings, or demand payment in any form."); *Mabbitt v. Midwestern Audit Serv., Inc.*, Case No. 07-cv-11550, 2008 U.S. Dist. LEXIS 20446 (E.D. Mich. Mar. 17, 2008) (holding that letter that made no demand or attempt to obtain payment of a debt and instead notified consumer that "an outstanding balance ha[d] been transferred to her new account" was not a communication in connection with the collection of any debt.).

---

[3] Here, the payment coupon is attached to the Welcome Letter, which is not at issue in Plaintiff's Complaint and which contains the mini-Miranda.  Ex. 1.

4.      **The Notice of Servicing Transfer Was Not in Connection with Debt Collection.**

Here, the critical factor – absence of the demand for payment – demonstrates that Plaintiff has failed to state a claim for which relief may be granted.  Unlike *Thompson*, which included a payment coupon at the bottom of the letter, the Notice of Servicing transfer here contains no such coupon.  Although the Notice explains that the "servicing …, that is, the right to collect payments" is being transferred and that the payments can be made online or mailed to Nationstar, the Notice of Servicing Transfer does not list any amount due or the due date.  *Cf. South*, 2010 U.S. Dist. LEXIS 129474, at *23-26 ("Although the letter states, '[f]or [y]our convenience in making payment, [the above] amount will be transferred in ten (10) days to your present account,' it does not set a deadline for when the transferred balance must be paid, nor does it otherwise attempt to provide a payment schedule"); *Bailey*, 154 F.3d at 388-89 ("The important letter dated January 4 does not 'demand' any payment whatsoever, but merely informs the Baileys about 'the current status' of their account.  The due dates listed in the letter are all prospective.  Surely this is not the type of dunning letter that describes a communication related to 'the collection' of a debt").  As in *Thompson*, the Notice of Servicing Transfer does not even mention Plaintiff's default, does not attempt to collect late fees or missed payments, and does not threaten any enforcement proceedings.  The payment information is "akin to the informational account-status letter in *Bailey* which made no demand for payment."  *South*, 2010 U.S. Dist. LEXIS 129474, at *24 (citing *Bailey*, 154 F.3d at 386).[4]

In addition to the absence of a demand for payment, the purpose and context of the Notice of Servicing Transfer unequivocally demonstrates that it was not in connection with debt

---

[4] The only mention of a payment coupon is a reference to "the enclosed Welcome Letter."  However, the Welcome Letter contains a conspicuous mini-Miranda warning pursuant to section 1692e(11), and Plaintiff does not allege that the Welcome Letter violates the FDCPA.

collection.  The Notice provides that "the law requires Nationstar Mortgage send you this notice no later than 15 days after the effective date of the [servicing] transfer."  (Ex. 2).  The Notice goes on to set forth Plaintiff's right to send a qualified written request and Nationstar's obligation to respond within 30 business days.  (*Id.*)  As in *Thompson*, the Notice of Servicing Transfer was sent to satisfy the RESPA requirements of notifying Plaintiff that there has been a change in loan servicer and describe Plaintiff's rights under RESPA.  (*Id.*).  *See Oppong v. First Union Mortg. Corp.*, 566 F. Supp. 2d 395, 403 (E.D. Pa. 2008) (finding that a notice of servicing transfer pursuant to RESPA was not subject to the FDCPA); *In re Pultz*, 400 B.R. 185, 190-92 (Bankr. D. Md. 2008) ("The automatic stay [on debt collection] does not bar a lender from … from making … notification[s] that are required by RESPA.").  In summary, the Notice of Servicing Transfer cannot objectively be read as an attempt to collect a debt.  Therefore, the FDCPA does not apply and Plaintiff's claim for failure to include the mini-Miranda pursuant to section 1692e(11) should be dismissed with prejudice.[5]

**B.** **Count II Should Be Dismissed with Prejudice Because It Fails to State a Claim for Violation of Section 1692g(a)(1).**

Plaintiff's claim that the FDCPA Letter violates section 1692g(a)(1) disclosure fails to state a claim as a matter of law because the FDCPA Letter expressly identifies the amount of debt due as of a specific date.

---

[5] In his Complaint, Plaintiff cites *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365 (4th Cir. 2012) in support of his claim for failure to include the mini-Miranda.  (Compl. ¶ 19).  Plaintiff's reliance is misplaced.  The issue addressed on appeal in *Warren* was **not** whether the communication at issue was in connection with debt collection but whether the district court erred in dismissing plaintiff's claim for failure to allege "material" misrepresentation. *Id.* at 373-74.  Specifically, the Fourth Circuit held that, while a materiality requirement applies to claims of false representations, it does not apply to claims under § 1692e(11). *Id.* at 374.  Therefore, *Warren* is not applicable here.

1.      **Standard of Review for Section 1692g Claims**

In the Fourth Circuit, the courts apply a "least sophisticated consumer" standard in evaluating section 1692g claims.  *See United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 138 (4th Cir. 1996).   "While protecting naive customers," the "least sophisticated consumer" standard "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care."  *Id.* at 136; *see also Johnson v. BAC Home Loans Servicing*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011) ("Although naive, the least sophisticated debtor is not 'tied to the very last rung of the intelligence or sophistication ladder.'") (quoting *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)).

Accordingly, when determining whether certain language violates section 1692g(a), this Court is guided by two principles: "First, there is no requirement that a debt collector quote the language of § 1692g(a) verbatim.  Second, the communications must be examined as whole, not sentence-by-sentence, because the least sophisticated consumer standard does not go so far as to provide solace to the willfully blind or non-observant." *Vitullo v. Mancini*, 684 F. Supp. 2d 747 (E.D. Va. 2010) (internal citations omitted).   Applying the above standards to Nationstar's motion to dismiss, Plaintiff's Complaint fails to state a claim for which relief can be granted and should be dismissed.

2.      **Plaintiff Fails to State a Claim under Section 1692g(a)(1) Because Disclosure of the Amount of Debt as of a Specific Debt Complies with the FDCPA.**

The FDCPA requires that the debt collector disclose "the amount of the debt" in its initial written communication in connection with debt collection or within five days after such initial communication. 15 U.S.C. 1692g(a)(1).  Although the statute does not explain "the amount of the debt" and the Fourth Circuit has not addressed the meaning of section 1692g(a)(1), other

courts have interpreted subsection (a)(1) and their holdings demonstrate that Nationstar's disclosure of the amount of debt due complies with the FDCPA disclosure requirements.

Here, the FDCPA Letter discloses the amount of debt due as of the time of servicing transfer. (Ex. 3). In a case on point, the District Court for the Northern District of Illinois refused to find a violation where the debt was listed as of a certain date other than the date of mailing. *Jolly v. Shapiro*, 237 F. Supp. 2d 888, 893 (N.D. Ill. 2002). In *Jolly*, the debt collection letter read: "As of December 13, 2001, our client has advised that the amount of the debt is $74,671.69." *Id.* at 889. Plaintiff claimed that such disclosure violated the FDCPA because it did not comply with the Seventh Circuit's "safe harbor" language in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000).[6] *Id.* at 891. The court disagreed finding critical the Seventh Circuit's emphasis that deviations from the safe harbor language do not constitute an FDCPA violation as long as the language is not confusing. *Id.* at 893. Accordingly, the court concluded that "a collection letter which states either the amount due as of the date of the letter or as of a specific date is in compliance with § 1692g." *Id.*; *cf. Ingram*, 2003 U.S. Dist. LEXIS 7475, *10 (denying defendant's motion to dismiss because "unlike the letter in *Jolly*, [the letter in *Ingram*] did not provide a specific statement as to the effective date of the stated amount due").

[6] Writing for the Seventh Circuit in *Miller*, Judge Posner set forth a "safe harbor" language, which assures compliance with the "amount of debt" disclosure requirement. *Id.* at 876. The first sentence of the "safe harbor" provision reads: "As of the date of this letter, you owe $ [the exact amount due]." *Id*. Notably, the Seventh Circuit "[did] not hold that a debt collector must use this form of words to avoid violating the statute … ." *Id.* "Although the safe harbor was offered in an attempt both to bring predictability to this area and to conserve judicial resources, it is compliance with the statute, not [the] suggested language, that counts." *Williams v. OSI Educ. Servs.*, 505 F.3d 675, 680 (7th Cir. 2007); *see also Ingram v. Corporate Receivables, Inc.*, Case No. 02-cv-6608, 2003 U.S. Dist. LEXIS 7475, *9 (N.D. Ill. May 2, 2003) ("*Miller* made clear that the 'safe harbor' language was just that: a safe harbor, and not a statutory requirement.").

Defendant acknowledges that some courts have erroneously interpreted *Miller* to **require** "that the total amount of the debt be stated as the total amount due on the date a collection letter is sent." *Jackson v. Aman Collection Serv.*, Case No. 01-cv-0100, 2001 U.S. Dist. LEXIS 22238 (S.D. Ind. Dec. 14, 2001); *see also Dragon v. I.C. Sys.*, 483 F. Supp. 2d 198 (D. Conn. 2007) (same).  Here, the FDCPA Letter is distinguishable from the letters in *Jackson* and *Dragon* **in a critical respect**.  In those cases, the letters did not state **any date** as of which the amount of debt was due.  *Jackson*, 2001 U.S. Dist. LEXIS 22238, at *3 (demanding payment for "$463.47 TOTAL DUE PLUS ACCRUING INTEREST"); *Dragon*, 483 F. Supp. 2d at 202 (stating, "Principal Owed: $136.64; BALANCE DUE: $136.64.").  In contrast, the FDCPA Letter here expressly states that the "total debt as of 10/15/12," which is the date of the servicing transfer. (Ex. 3)  As in *Jolly*, Nationstar has identified the amount due as of the specific date, thus eliminating any potential confusion by the consumer and bringing the FDCPA Letter in full compliance with the FDCPA.  Accordingly, Plaintiff's claim for failure to state the amount of debt should be dismissed with prejudice.

## V.   CONCLUSION

For all of the above reasons, Defendant Nationstar Mortgage, LLC, respectfully requests that the Court grant its Motion to Dismiss and enter an Order dismissing Plaintiff's claims with prejudice, and grant Defendant any further legal or equitable relief as the Court deems appropriate.

NATIONSTAR MORTGAGE, LLC


By: ___/s/ Jason E. Manning_____
                        Of Counsel

John C. Lynch (VSB No. 39267)
Jason E. Manning (VSB No. 74306)
Counsel for Defendant Nationstar Mortgage, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1524
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**Counsel for Plaintiff Timothy Kelly**
Dale W. Pittman
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
E-mail: dale@pittmanlawoffice.com


Kristi Cahoon Kelly
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
E-mail: kkelly@siplfirm.com


Leonard A. Bennett
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
E-mail: lenbennett@clalegal.com

Matthew J. Erausquin
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
E-mail: matter@clalegal.com


         /s/ Jason E. Manning
John C. Lynch (VSB No. 39267)
Jason E. Manning (VSB No. 74306)
Counsel for Nationstar Mortgage, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1524
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com


20575651v1

15