**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

TIMOTHY KELLY,
on behalf of himself and
all others similarly situated,

      **Plaintiff,**

    **v.**                              **Civil Action No. 3:13cv311 (JAG)**

NATIONSTAR MORTGAGE, LLC,

      **Defendant.**

**DEFENDANT NATIONSTAR MORTGAGE, LLC'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY DISCOVERY**

Defendant Nationstar Mortgage, LLC ("Nationstar" or "Defendant"), by counsel, pursuant to Federal Rule of Civil Procedure 26(c), submits this Memorandum in Support of its Motion to Stay Discovery pending resolution of Nationstar's Motion to Dismiss (ECF 7). For the reasons set forth below, the Court should temporarily stay discovery in this case pending the resolution of Nationstar's potentially dispositive Motion to Dismiss Plaintiff's Complaint.

## I.    INTRODUCTION

Plaintiff's putative class action involves two claims for the alleged hyper-technical deficiencies under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") on the face of two letters from Nationstar to Plaintiff. Both claims are subject to Nationstar's pending Motion to Dismiss pursuant to Rule 12(b)(6). The resolution of both claims presents purely legal questions on the face of the letters at issue and does not require any factual inquiry beyond Plaintiff's Complaint and the letters themselves.

In Count I, Plaintiff claims that Nationstar's Notice of Servicing Transfer sent pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* (the "Notice of Servicing

Transfer") violates 15 U.S.C. § 1692e(11) because it does not contain a disclosure that the communication is from the debt collector and is intended to collect a debt, the so-called "mini-Miranda." As explained more fully in Nationstar's Memorandum in Support of Its Motion to Dismiss (ECF 8), Plaintiff's claim fails as a matter of law because the Notice of Servicing Transfer is not a communication in connection with the collection of debt: it does not request any payment and does not list any amount due or the due date. Accordingly, no mini-Miranda pursuant to section 1692e(11) is required.

Count II of Plaintiff's Complaint arises from Nationstar's letter to Plaintiff containing the debt validation disclosures pursuant to the FDCPA (the "FDCPA Letter"). Plaintiff alleges that the FDCPA Letter fails to disclose the amount of debt as of the date of the letter in violation of 15 U.S.C. § 1692g(a)(1). Plaintiff's claim is not supported by the statutory language or any controlling precedent. It is also contrary to the on-point precedent on the issue from other federal courts. Therefore, Plaintiff's claim under section 1692g(a)(1) fails as a matter of law and should be dismissed with prejudice.

Plaintiff seeks to certify a class of Virginia residents who received form letters at issue—Notices of Servicing Transfer and FDCPA Letters—during one year prior to filing of the Complaint. Although Plaintiff has not yet issued discovery requests, these requests are bound to involve broad classwide inquiries, responses to which will require a significant investment of Defendant's time and effort. In turn, Plaintiff will also have to invest its time and resources in responding to Defendant's written discovery requests, and both parties will have to prepare for and conduct costly depositions. This waste of the parties' resources can be avoided if the discovery is briefly stayed during the pendency of Nationstar's Motion to Dismiss that has the potential to dispose of both of Plaintiff's class claims.

No discovery is necessary for Plaintiff to oppose Nationstar's pending Motion to Dismiss because Plaintiff's claims involve two extremely narrow legal issues on the face of the two letters. Further, Plaintiff will not suffer any prejudice by a short stay of discovery because no pretrial deadlines have been set. If the Court denies Nationstar's Motion to Dismiss, discovery can then be resumed and the pre-trial and trial dates can be set accordingly. If the Court dismisses only one of Plaintiff's claims, the stay of discovery still provides parties with the important advantage of resuming discovery in a more targeted fashion on the remaining, narrower issues. The burden of conducting discovery regarding the entire purported class of Virginia residents is grossly disproportionate to any conceivable benefit. Instead, good cause exists pursuant to Rule 26(c) to stay discovery pending the resolution of Nationstar's dispositive motion.

## II.   LEGAL STANDARD

Pursuant to Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from … undue burden or expense, including … specifying … time and place[] for the disclosure or discovery." *Id.* The United States Court of Appeals for the Fourth Circuit has recognized that trial courts are given "wide discretion" in issuing such orders. *Thigpen v. United States*, 800 F.2d 393, 396-97 (4th Cir. 1986) (holding the trial court did not err in granting the party's motion to stay discovery pending disposition of the 12(b)(1) motion); *see also Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502, 505 (4th Cir. 1999) (finding the district court did not abuse discretion by staying discovery pending the party's 12(b)(6) motion). In the Fourth Circuit, "[i]t is well-settled that '[a] protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion.'" *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D. N.C. 2003). Indeed, a stay of discovery "is an eminently

logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *U.S. v. A.T. Massey Coal Co.*, No. 2:07-cv-0299, 2007 U.S. Dist. LEXIS 77501, *7 (S.D. W. Va. 2007) (quoting *Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D.C. Del. 1979)).

In determining whether to grant a motion to stay discovery, courts consider several factors, including: (1) whether discovery is relevant to oppose the pending motion; (2) the meritoriousness of the pending dispositive motion; (3) the burden of responding to discovery; and (4) any prejudice to the party opposing motion to stay. *See, e.g.*, *Tilley v. United States*, 270 F. Supp. 2d 731, 734-735 (M.D.N.C. 2003) (granting stay where discovery was not relevant to oppose the pending dispositive motion and the pending motion was meritorious); *Pak v. Unifund CCR Partners*, No. 7:13-cv-70, 2013 U.S. Dist. LEXIS 84789, *1-3 (E.D.N.C. June 17, 2013) ("'Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion.'") (quoting *Yongo v. Nationwide Affinity Ins. Co. of America*, No. 5:07-CV-94-D, 2008 U.S. Dist. LEXIS 14684, *6 (E.D.N.C. Feb. 25, 2008)); *Loney v. GE Capital Retail Bank*, No. 7:13-cv-93, 2013 U.S. Dist. LEXIS 83326, *1-3 (E.D.N.C. June 13, 2013) (staying discovery because "the motion to dismiss challenges the sufficiency of the complaint on its face and it is not necessary for plaintiff to gather facts in defense of the motion"); *see also In re Term Commodities Cotton Futures Litig.*, No. 12-cv-5126, 2013 U.S. Dist. LEXIS 65797, *17-18 (S.D.N.Y. 2013) (granting defendant's motion to stay discovery pending the resolution of its motion to dismiss where plaintiff's discovery requests were broad and a short stay would not result in unfair prejudice to plaintiff) (citing cases); *Williamson v. Recovery*, 2006 U.S. Dist. Ct.

Motions 881098 (S.D. Ohio Dec. 10, 2009) (granting motion to stay, finding "[d]iscovery in this case will be time-consuming and expensive, … and numerous discovery issues … can be avoided, or severely limited, by ruling as a matter of law on clear legal issues").

With these considerations in mind, federal courts in the Fourth Circuit routinely stay discovery where it is not relevant to the resolution of a pending dispositive motion. *See Wymes v. Lustbader*, No. 10-cv-1629, 2012 U.S. Dist. LEXIS 68490, *23 (D. Md. May 16, 2012) (granting motion to stay, finding that brief stay of discovery will spare the parties of unnecessary litigation expenses); *Sheehan v. United States*, 2012 U.S. Dist. LEXIS 47503, *3-5 (N.D. W. Va. Apr. 4, 2012) (granting the party's motion to stay pending the resolution of its motion to dismiss); *Loney*, 2013 U.S. Dist. LEXIS 83326, *1-3 (same); *Pak*, 2013 U.S. Dist. LEXIS 84789, 1-3 (same).   As discussed below, good cause exists for a short stay of discovery pending Nationstar's Motion to Dismiss.

### III.   ARGUMENT

### A.   Discovery Is Not Necessary to Oppose Nationstar's Motion to Dismiss.

By its very definition, a motion to dismiss pursuant to Rule 12(b)(6) tests only the sufficiency of Plaintiff's allegations and does not permit the Court to inquire into any factual matters other than the allegations in plaintiff's complaint and documents that are referenced in the complaint or that are key to plaintiff's allegations. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396-97 (4th Cir. 2006) (holding, on a motion to dismiss, the court may consider documents central to a plaintiff's claim without converting the motion to dismiss into one for summary judgment).   Here, there are only three such documents: the Welcome Letter, attached hereto as **Exhibit 1**; the Notice of Servicing Transfer, attached hereto as **Exhibit 2**; and the FDCPA Letter, attached hereto as **Exhibit 3**.   Exhibits 2 and 3 are expressly referenced in Plaintiff's Complaint, and Exhibit 1, although not referenced, is relevant to Plaintiff's claims.

Plaintiff's claims arise from the contents of the Notice of Servicing Transfer and the FDCPA Letter.  Namely, Plaintiff claims that the Notice of Servicing Transfer fails to include the mini-Miranda in violation of section 1692g(a)(11) (Compl. ¶¶ 31, 39-40).  Nationstar moves to dismiss as a matter of law because the Notice of Servicing Transfer is not a communication in connection with debt collection and is, therefore, not subject to the FDCPA.  (ECF 8, Def.'s Mem. in Supp. of Mot. to Dismiss at pp. 5-10).  Plaintiff further claims that the FDCPA Letter violates section 1692g(a)(1) because the amount of debt is not disclosed as of the date of the FDCPA Letter.  (*Id.* ¶¶ 31, 43).  Nationstar moves to dismiss on the grounds that disclosure as of a specific date other than the date of the letter is sufficient as a matter of law under federal precedent interpreting the FDCPA.  (*Id.* at pp. 10-13).  These are purely legal questions, and no discovery is even remotely relevant to oppose Nationstar's motion to dismiss.

**B.   Nationstar's Motion to Dismiss is Meritorious.**

Plaintiff's claims are not supported by any controlling precedent and are contradicted by multiple decisions from other jurisdictions that have considered the issues, as well as by the plain language of the letters at issue.

**"[I]t is well-established that … the FDCPA applies only to communications that are intended to collect a payment."**  *Penn v. Cumberland*, 883 F. Supp. 2d 581 (E.D. Va. 2012) (Ellis, J.); *see also Hinton v. Providence Dane, LLC*, Case No. 1:10-cv-408, 2011 U.S. Dist. LEXIS 134794 (E.D. Va. 2011) (Buchanan, J.) (finding defendant did not violate section 1692e because "the failure to disclose the nature of the communication creates liability only where it takes place 'in connection with the collection of any debt'").  Here, the Notice of Servicing transfer does not request any payment and does not list the amount due or the due date.  Instead, it simply advises Plaintiff of the servicing transfer as required by the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA").  (Ex. 2).  Federal courts nationwide have

consistently reached this conclusion on similar facts.  *See, e.g., Thompson v. BAC Home Loans Servicing, L.P.*, 2010 U.S. Dist. LEXIS 30891 (N.D. Ind. Mar. 26, 2010) (finding the Notice of Servicing Transfer accompanied by a payment coupon was not a communication in connection with debt collection); *McCready v. Jacobsen*, Case No. 06-2443, 2007 U.S. App. LEXIS 9651 (7th Cir. April 25, 2007) (holding that letter that did not demand payment but simply provided at plaintiff's request "an accounting of how his security deposit had been applied toward unpaid rent and repairs" was not a collection letter subject to the FDCPA).[1]

Plaintiff's second claim that the amount of debt has to be disclosed as of the date of the letter is likewise without merit.  The plain language of the FDCPA does not set forth any such requirement and simply provides that the debt collector has to disclose "the amount of debt due."  15 U.S.C. § 1692g(a)(1).  Here, the FDCPA letter lists the total debt as of 10/15/12."  (Ex. 3).  There is nothing confusing or misleading about this disclosure.  Plaintiff's claim is an example of a "bizarre [and] idiosyncratic interpretation" of non-existent FDCPA requirements for which the Fourth Circuit does not provide any protection even under the "least sophisticated consumer standard.  *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 138 (4th Cir. 1996) (the least sophisticated consumer standard "preserv[es] a quotient of reasonableness and presume[s] a basic level of understanding and willingness to read with care").  Not surprisingly, no court in

---

[1] *See also Gillespie v. Chase Home Finance, LLC*, Case No. 3:09-cv-191-TS, 2009 U.S. Dist. LEXIS 108837 (N.D. Ind. Nov. 20, 2009) (holding that letters were not the type of communications proscribed by Section 1692 where the letters only "advised the mortgagors that their delinquent debts had been turned over to the … Homeowner's Assistance Department …. Although ensuring payment of the debts cannot be denied as the Defendant's ultimate goal, the letters themselves did not provide terms of payment or deadlines, threaten further collection proceedings, or demand payment in any form."); *Mabbitt v. Midwestern Audit Serv., Inc.*, Case No. 07-cv-11550, 2008 U.S. Dist. LEXIS 20446 (E.D. Mich. Mar. 17, 2008) (holding that letter that made no demand or attempt to obtain payment of a debt and instead notified consumer that "an outstanding balance ha[d] been transferred to her new account" was not a communication in connection with the collection of any debt.).

the Fourth Circuit has ever held that the amount of debt must be disclosed as of the date of the communication, and at least one federal court that addressed the issue concluded that "a collection letter which states either the amount due as of the date of the letter **or as of a specific date** is in compliance with § 1692g." *Jolly v. Shapiro*, 237 F. Supp. 2d 888, 893 (N.D. Ill. 2002) (emphasis added); *cf. Ingram v. Corporate Receivables, Inc.*, Case No. 02-cv-6608, 2003 U.S. Dist. LEXIS 7475, *10 (N.D. Ill. May 2, 2003) (denying defendant's motion to dismiss; finding, "unlike the letter in *Jolly*, [the letter in *Ingram*] did not provide a specific statement as to the effective date of the stated amount due"). Therefore, Plaintiff's claim fails as a matter of law.

In sum, Nationstar's motion to dismiss has strong support in law, thus militating in favor of a short stay of discovery pending Nationstar's potentially dispositive motion, which will obviate the need for any discovery and will save the parties' resources.

**C.**   **The Burden from Conducting Classwide Discovery Is Substantial.**

Here, Plaintiff seeks to certify a class of Virginia residents who received correspondence from Nationstar during one year prior to the filing of the Complaint. (Compl. ¶ 31). Plaintiff divides the class into two sub-classes: recipients of the Notices of Servicing Transfer without the mini-Miranda and recipients of the FDCPA Letters that failed to disclose the amount of the debt as of the date of the letter. (*Id.*) That Plaintiff will propound discovery requests pertaining to the entire class is self-evidence from the Complaint and from Plaintiff's counsel's standard discovery issued in identical cases to the same Defendant.

For example, in *Marlene Dennis v. Nationstar Mortgage, LLC*, No. 3:12-cv-616 (E.D. VA.), where plaintiff made identical claims and even tried to amend her complaint to add the current Plaintiff as a second class representative, plaintiff's discovery included broad and burdensome requests, such as name and addresses of each class member; all files for each class member; names and job titles of all past and present employees of Nationstar; full descriptions of

the computer hardware, software and storage media for both active and inactive accounts relating to class members; all documents relating to Nationstar's policies, procedures, and guidelines for the use of communications at issue; all documents related to the calculation of Nationstar's net worth, etc.  (Pl.'s First ROGs No. 3, 6, 13; Pl.'s Second ROGs No. 17-19, 23-24; Pl.'s First RPDs No. 6, 11, 18; Pl.'s Second RPDs No. 19, 21-24)  A copy of plaintiff's first and second sets of discovery requests in the *Dennis* case is attached hereto as **Exhibit 4**.

The litigation expenses associated with objecting and responding to these discovery requests are not speculative, but rather very real and substantial.  The Court's ruling on Nationstar's motion to dismiss may eliminate the need for any discovery or at least narrow the issues in dispute.  Because the grant of a short stay will help "prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources," the Court should exercise its discretion in favor of staying discovery pending the decision on Nationstar's Motion to Dismiss.  *U.S. v. A.T. Massey Coal Co.*, 2007 U.S. Dist. LEXIS 77501, *7 (S.D. W.Va. 2007).

D.    **Plaintiff Will Suffer No Prejudice From A Short Stay.**

This case is in its early stages of litigation.  No Scheduling Order has been entered, and no pre-trial deadlines or the trial date have been set.  Accordingly, the grant of a short stay will not prejudice Plaintiff and will not require any modifications in a pre-trial or trial schedule as there is none.  Once the Court rules on Nationstar's Motion to Dismiss, the parties can commence discovery if both or one of Plaintiff's claims survive the motion.

IV.    CONCLUSION

For all of the above reasons, Defendant Nationstar Mortgage, LLC, respectfully requests that the Court grant its Motion to Stay Discovery pending Nationstar's Motion to Dismiss and enter an Order staying discovery until the Court rules on Nationstar's Motion to Dismiss, and grant Defendant any further legal or equitable relief as the Court deems appropriate.

9

**NATIONSTAR MORTGAGE, LLC**

By:     /s/ Jason E. Manning
                    Of Counsel

John C. Lynch (VSB No. 39267)
Jason E. Manning (VSB No. 74306)
Counsel for Defendant Nationstar Mortgage, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1524
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**Counsel for Plaintiff Timothy Kelly**
Dale W. Pittman
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
E-mail: dale@pittmanlawoffice.com

Kristi Cahoon Kelly
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
E-mail: kkelly@siplfirm.com

Leonard A. Bennett
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
E-mail: lenbennett@clalegal.com

Matthew J. Erausquin
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
E-mail: matter@clalegal.com

_____ /s/ Jason E. Manning _____
John C. Lynch (VSB No. 39267)
Jason E. Manning (VSB No. 74306)
Counsel for Nationstar Mortgage, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1524
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com

20583769v1