

# *Fastfax* #1148

www.acainternational.org/fastfax

---

*Last Updated on August 25, 2011 – Added case law (2011 WL 1642914). See footnote 40.*

---

## Letter Requirements: Validation Notice

Under § 809(a) [15 U.S.C. 1692g(a)], a debt collector must provide a consumer with notice of certain rights afforded to the consumer under the Fair Debt Collection Practices Act (FDCPA). The Federal Trade Commission (FTC) staff has stated that if the debt collector's first communication with the consumer is oral (e.g., a telephone conversation), the debt collector may make the required disclosure at that time and the debt collector need not send a written notice.[1] If such disclosure is made orally, the collector must be able to document that such disclosure was provided, should the collector ever be asked to prove the disclosure was, in fact, made. If the notice is not included in the initial communication with the consumer, the notification must be provided in writing within five days after the initial communication with the consumer.[2]

**Contents of Notice**

The required validation notice must include the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.[3]

Although the FDCPA does not require a collector to track the precise language of the statutory text, the requirements must be sufficiently conveyed. A collector's stray from the required text could result in potential litigation. What follows is a discussion of each of these requirements.

Please note a sample collection letter that includes the validation notice requirements is available in ACA Fastfax #1121, *Sample Collection Notice Generally Deemed to be in Compliance with the FDCPA.* Please note that the letter is merely a sample and collection letters should be reviewed by a qualified attorney.

*Amount of the Debt*

Under § 809(a)(1), the validation notice must include the amount of the debt. A collection letter that includes only the unpaid principal balance, but does not include unpaid interest, late charges, or other charges and fees does not provide the amount of the debt. Rather, it provides only a part of the debt.[4] Courts have rejected the argument that, due to interest and late charges accruing, it is impossible to state the amount of the debt. The U.S. Court of Appeals for the Seventh Circuit has held that it is possible to

© 2011 *ACA International. All Rights Reserved.*

determine the amount of the debt as of the date appearing on a collection letter. In so holding, the Seventh Circuit offered sample language, which may be used (at least in the Seventh Circuit) to satisfy the requirement of stating the amount of the debt. The court offered the following sample language:

> As of the date of this letter, you owe $_____ [the exact amount due]. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800-[phone number].[5]

The Seventh Circuit clarified that if a debt collector is trying to collect only the amount due on the date the letter is sent, the debt collector complies with the FDCPA by stating the balance due, noting that the creditor has assigned the account to the debt collector for collection and requests the consumer remit the balance listed. It is suggested debt collectors stop there with regard to the amount owed. If, however, the debt collector is trying to collect the listed balance plus interest, late fees and other charges, which continue to accrue after the date of the letter, the debt collector may use the "safe-harbor" language quoted above.[6]

*The Name of the Creditor*
Section 809(a)(2) requires that the validation notice identify the name of the creditor to whom the debt is owed. Recently, consumers have brought claims against debt collectors for technical violations of this section when the exact, legal name of the creditor was not provided.[7] Thus, a collector must be as specific and complete as possible when providing the name of the creditor in the validation notice.

*Debt Assumed to be Valid*
Section 809(a)(3) requires that the validation notice include a statement that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." Unlike § 809(a)(4) and (5), this section of the FDCPA does not require the debt be disputed in writing.

When a consumer disputes a debt orally, the consumer receives at least two material benefits. First, if the debt is disputed within the thirty-day validation period, the debt collector may not consider the debt valid. Rather, the debt collector must find some other evidence that the debt is valid. In addition, if a consumer disputes a debt orally, and the debt collector has furnished information regarding the debt to a consumer reporting agency, the debt collector must report the debt as disputed.[8]

In *Camacho v. Bridgeport Financial, Inc.*, No. 04-17126, 2005 WL 3358682 (9th Cir. Dec. 12, 2005), a consumer brought FDCPA claims against the debt collector by stating that unless the consumer disputed the validity of the debt in writing, the debt would be assumed valid. The court held that the debt collector's collection notice violated § 809 by stating that all disputes needed to be in writing because § 809(a)(3) does not impose a writing requirement. A more in-depth look at this decision can be found in ACA Fastfax #2331, *Decoding Camacho: Its Effect on Collection Letters*.

*Written Dispute Triggers Verification Requirement*
Under § 809(a)(4), the debt collector must disclose to the consumer that if the consumer notifies the debt collector in writing within the thirty-day validation period that the debt, or any portion of the debt, is disputed, the debt collector shall obtain verification of the debt or a copy of the judgment against the consumer and mail such verification or judgment to the consumer. A debt collector may not impose further requirements on a consumer for how to dispute the debt[9] or how to submit the written dispute.[10]

© 2011 *ACA International. All Rights Reserved.*

Although a consumer may dispute a debt orally, it is the written dispute or request for verification that triggers a debt collector's duty to send verification.[11] The debt collector need not send verification of the debt to the consumer if the debt is disputed orally.[12] While a debt collector may choose to provide verification to a consumer upon oral notification of a dispute during the thirty-day validation period, such action by the debt collector is not required.[13]

Information regarding what constitutes sufficient verification can be found in ACA Fastfax #1126, *Verification of a Debt: "What Does Our Agency Need to Provide When the Consumer Requests Verification?"*

*Identity of Original Creditor*
According to § 809(a)(5), the validation notice is also required to state that upon the written request of the consumer within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor. For instance, if the debt has been assigned or purchased by another entity, the name of the current creditor would differ from the name of the original creditor. According to the FTC staff, the debt collector need not offer to identify the original creditor unless the name and address of the creditor are different from the current creditor.[14]

**Overshadowing/Confusion**
Debt collectors have an implied duty to avoid confusing the consumer by contradicting or overshadowing the validation notice.[15] The validation notice is contradicted when the letter includes a statement that is logically inconsistent with the validation notice.[16] The notice is overshadowed when a statement obscures the notice "in much the same way that static or crosstalk can make a telephone communication hard to understand even though the message is not being contradicted in any way."[17] Typically, violations occur when a collection letter both demands payment within thirty days and explains the consumer's right to request verification within thirty days.[18]

Whether termed contradicting or overshadowing, a letter that is confusing to the least sophisticated (or unsophisticated) consumer will generally violate the Act.[19] It is not sufficient to simply provide the proper validation notice. The notice must be clearly conveyed.[20]

*Use of "Urgent" and Similar Terms*
A collection letter need not explicitly demand immediate payment within the validation period to overshadow the notice. A collection letter that creates an apparent and unexplained contradiction between its message and the thirty-day validation period will be found to be in violation.[21]

One initial collection letter, beginning with the word "URGENT," stated that the consumer's account had been "assigned to our agency for immediate collection." It further stated that the agency "strongly recommend[s] you contact our client to make payment arrangement." [22] The court, noting that collectors need not suspend collection efforts during the validation period, nonetheless ruled the reference to "immediate collection" along with the "strong recommendation" caused confusion by contradicting the validation notice.[23] The court concluded these statements were the substantive equivalent of a request for immediate payment.[24] Similarly, another court held, a phrase included in a validation notice stating immediate payment would avoid future contact overshadowed the validation notice and thus, was a violation of the FDCPA.[25]

In contrast, a letter may use similar language if it does not contradict the validation notice such that confusion is caused.[26] A letter requesting to "kindly let me have your immediate attention and cooperation by sending me your payment or contacting me without further delay" was found not to create confusion.[27] The court held it was clear immediate payment was not being requested; rather, the collector was requesting the consumer "look into the matter as soon as possible."[28]

© 2011 *ACA International. All Rights Reserved.*

*Threats of Legal Action*
The Federal Trade Commission staff stated in an Advisory Opinion that a debt collector may inform a consumer that she will file suit during the thirty-day validation period as long as this is stated in a way that does not appear to contradict the right to request verification within thirty days of receipt of the notice. For instance, a collection letter that threatened legal action within ten days unless the debt was paid in that time, with a notice on the reverse side providing the consumer's validation rights, was found to violate the Act.[29] The court held that although the collection letter accurately stated the validation notice, it did not do so effectively.[30] To avoid such contradictions, a notice stating that the debt collector may sue during the validation period must be carefully crafted. The following text, accompanied by the regular validation notice, was ruled not to violate the FDCPA: "Notwithstanding your right to dispute the validity of the debt within this thirty (30) day period, we may not delay in instituting a collection lawsuit, except as otherwise required by the Fair Debt Collection [sic] Act."[31] This statement recognizes the consumer's right to request verification, informs the consumer that she may be sued during that period and acknowledges that the lawsuit may be delayed as the Act requires in the event verification is requested.

*Credit Reporting*
A debt collector may, before she receives a request for validation or a dispute notice from the consumer, report a debt to a consumer reporting agency within the thirty-day validation period.[32] However, the FTC staff has issued an informal staff opinion holding that reporting a debt to a consumer reporting agency constitutes "collection activity."[33] As a result, the FTC informal opinion holds that under § 809(b), a collector may not report or continue to report a debt after a written dispute is received within the validation period until verification of the debt is sent to the consumer. Once verification has been sent to the consumer, the item may again be reported to a consumer reporting agency. The item must be reported as disputed, however, under § 807(8).[34]

**Other Issues**
*Receipt of Notice*
The FDCPA "requires only that such validation notice be 'sent' by the debt collector. A debt collector need not establish actual receipt by the [consumer]."[35] Once a debt collector is able to establish proper and timely mailing of the validation notice, the court will presume it was received shortly thereafter unless the consumer can produce evidence to the contrary.[36] Without any evidence the notice was returned, the inference would be that the validation notice was not returned, thereby establishing receipt of the notice by the consumer.[37] If, however, the validation notice is returned to the debt collector as undeliverable, the presumption that the consumer received the notice is defeated.

*Multiple Debts*
The FDCPA does not address validation notices for multiple debts owed by the same consumer. To avoid confusing the consumer, unless the account was incurred by the same creditor on the same date, a separate validation notice should be sent to the consumer for each account. The debt collector may choose to include the notices in the same envelope. Ultimately, it is a business decision whether an agency chooses to include multiple accounts in the same notice or envelope.

*Subsequent Collectors*
The requirement to send a validation notice is satisfied by a debt collection agency when one notice is sent. Each employee debt collector need not also provide the notice so long as the notice has gone out on behalf of the collection agency.[38]

There are varying opinions as to whether a debt collector attempting to collect on an account as a second or third placement, must send a validation notice to the consumer. According to an informal FTC staff

letter, § 809 requires all subsequent debt collectors provide the consumer the validation notice because the initial communication with the consumer refers to that specific debt collector, not an initial debt collection communication generally.[39]

Several courts, however, have held that § 809 does not require another collector, undertaking collection efforts after a validation notice has been timely sent, to provide an additional notice and another thirty-day validation period.[40] One court reasoned that there is only one "initial communication" with a consumer on any given debt under § 809(a), even though subsequent debt collectors may enter the picture.[41] Important to note, however, is that in each case the subsequent collector was an attorney hired to litigate for collection of the same debt. The courts make no reference to whether a validation notice must be sent by a subsequent debt collector who is not affiliated with the prior debt collector.

Due to diverging opinions, when a debt collector is attempting to collect on an account as a subsequent placement, the prudent debt collector should provide the consumer with a separate validation notice.

*Errors*
Undoubtedly, a letter may be sent to a consumer that contains errors. For instance, the amount owed may be accidentally entered as $10.00, when it was meant to be $100.00 or $1,000.00. The collection agency must look to its own policies and procedures to determine whether a corrective letter should be sent to the consumer. If a corrective letter is sent, the consumer should be afforded thirty days from the receipt of the corrective letter to dispute the account.

---

ACA International, P.O. Box 390106, Minneapolis, MN 55439-0106
Phone (952) 926-6547  Fax (952) 926-1624  E-mail compliance@acainternational.org
Web http://www.acainternational.org

© 2011 *ACA International. All Rights Reserved.*
*This information is for the use of ACA International members only. Any distribution, reproduction, copying or sale of this material or the contents hereof without consent is expressly prohibited.*

*This information is not to be construed as legal advice. Legal advice must be tailored to the specific circumstances of each case. Every effort has been made to assure that this information is up-to-date as of the date of publication. It is not intended to be a full and exhaustive explanation of the law in any area. This information is not intended as legal advice and may not be used as legal advice. It should not be used to replace the advice of your own legal counsel.*

---

[1] FTC Statements of General Policy or Interpretation Staff Commentary on the FDCPA, 53 Fed. Reg. 50097, 50108 (Dec. 13, 1988).
[2] 15 U.S.C. § 1692g(a) (2006) [§ 809(a)].
[3] 15 U.S.C. § 1692g(a) (2006) [§ 809(a)(1)-(5)].
[4] *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000).
[5] *Id.* at 876.
[6] *Chuway v. Nat'l Action Fin. Servs. Inc.*, 362 F.3d 944, 949 (7th Cir. 2004).
[7] *Blarek v. Creditors Interchange*, No. 05C1018, 2006 WL 2473348 (E.D. Wis. Aug. 25, 2006) (the use of an assumed name on its face would plainly cause confusion, however extrinsic evidence was necessary to prove confusion arose in violation of the FDCPA); *Blarek v. Creditors Interchange*, No. 05C1018, 2006 WL 2473348 (E.D. Wis. Aug. 25, 2006) (a collection letter which identified the creditor by the name "UAC," which appeared to be a partial name or possibly an abbreviation, failed to identify the name of the creditor); *Schneider v. TSYS Total Debt Mgmt., Inc.*, No. 06-C-345, 2006 WL 1982499 (E.D. Wis. July 13, 2006) (a debt collector's motion to dismiss was denied where the consumer alleged the debt collector violated § 809(a)(2) by stating the name of the creditor as "Target," when this was not the full name of the corporation). *But see Luzinski v. Arrow Fin. Servs., LLC*, No. 05-

CV-1322, 2007 WL 2819556 (E.D. Wis. Sept. 26, 2007) (the court held there may be multiple names for a creditor which an unsophisticated consumer could still perceive as being the correct name of the creditor); *Bode v. Encore Receivable Mgmt., Inc.*, No. 05-CV-1013, 2007 WL 2493898 (E.D. Wis. Aug. 30, 2007) (the similarity of the names "Capitol One Services, Inc." and "Capitol One Bank," was not plainly false or confusing on its face and would not deceive or mislead an unsophisticated consumer).

[8] *Rosado v. Taylor*, 324 F. Supp. 2d 917, 929 (N.D. Ind. 2004). *See also Brady v. Credit Recovery Co.*, 160 F.3d 64, 67 (1st Cir. 1998).

[9] *See, e.g., Sambor v. Omnia Credit Servs., Inc.*, 183 F. Supp. 2d 1234, 1240 (D. Haw. 2002) (holding a debt collector violated the FDCPA by requiring the consumer submit "suitable dispute documentation" to dispute the debt).

[10] *See, e.g., Walters v. PDI Mgmt. Servs.*, No. 1:02-CV-1100-JDT-TAB, 2004 WL 1622217, at *6 (S.D. Ind. Apr. 6, 2004) (holding a debt collector violates the FDCPA by requiring the consumer to submit a written dispute via certified mail).

[11] *Carroll v. United Compucred Collections, Inc.*, No. 1-99-0152, 2002 WL 31936511, at *8 (M.D. Tenn. Nov. 15, 2002).

[12] *Walters v. PDI Mgmt. Servs.*, No. 1:02-CV-1100-JDT-TAB, 2004 WL 1622217, at *5 (S.D. Ind. Apr. 6, 2004); *King v. Int'l Data Servs.*, No. Civ. 0100380HG-LEK, 2002 WL 32345923 (D. Haw. Aug. 5, 2002).

[13] *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003).

[14] FTC Statements of General Policy or Interpretation Staff Commentary on the FDCPA, 53 Fed. Reg. 50097, 50108 (Dec. 13, 1988). *See also Shimek v. Weissman, Nowack, Curry & Wilco, P.C.*, 323 F. Supp. 2d 1344, 1349 (N.D. Ga. 2003).

[15] *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997) (collecting cases).

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996).

[21] *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1132 (N.D. Ill. 1998).

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Rabideau v. Mgmt. Adjustment Bureau*, 805 F. Supp. 1086 (W.D.N.Y. 1992).

[26] *Vasquez v. Gertler & Gertler, Ltd.*, 987 F. Supp. 652, 657 (N.D. Ill. 1997).

[27] *Id.*

[28] *Id.*

[29] *Graziano v. Harrison*, 950 F.2d 107, 109-11 (3d Cir. 1991).

[30] *Id* at 111.

[31] *Ditty v. Checkrite, Ltd., Inc.*, 973 F. Supp. 1320, 1329 (D. Utah 1997).

[32] FTC Statements of General Policy or Interpretation Staff Commentary on the FDCPA, 53 Fed. Reg. 50097, 50109 (Dec. 13, 1988); Cass, *FTC Informal Staff Letter* (Dec. 23, 1997).

[33] Cass, *FTC Informal Staff Letter* (Dec. 23, 1997).

[34] *Id. See also Brady v. Credit Recovery Co.*, 160 F.3d 64, 67 (1st Cir. 1998).

[35] *Mahon v. Credit Bureau of Placer County Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999).

[36] *Id.* at 1202.

[37] *Id.*

[38] FTC Statements of General Policy or Interpretation Staff Commentary on the FDCPA, 53 Fed. Reg. 50097, 50108 (Dec. 13, 1988).

[39] Udell, *FTC Informal Staff Letter* (Jan. 20, 1987).

[40] *See Donohue v. Nielson*, 225 P.3d 760 (Wash. Ct. App. Div. 3 2011); *Nichols v. Byrd*, 435 F. Supp. 2d 1101 (D. Nev. 2006); *Senftle v. Landau*, 390 F. Supp. 2d 463 (D. Md. 2005); *Weinstein v. Fink*, 2001 WL 185194 (N.D. Ill. 2001); *Ditty v. CheckRite*, 973 F. Supp. 1320, 1329 (D. Utah. 1997).

[41] *Senftle v. Landau*, 390 F. Supp. 2d 463 (D. Md. 2005).

© 2011 *ACA International. All Rights Reserved.*