UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TIMOTHY KELLY**, on behalf of
himself and all others similarly situated,

        **Plaintiff,**

v.                                                    Civil Action No 3:13-cv-311 (JAG)

**NATIONSTAR MORTGAGE, LLC,**

        **Defendant.**

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
THE DEFENDANT'S MOTION TO STAY DISCOVERY**

COME NOW the Plaintiff, Timothy Kelly, on behalf of himself and others similarly situated, by counsel, and as for his Memorandum in Opposition to the Defendant's Motion to Stay Discovery pending resolution of Defendant's Motion to Dismiss, Plaintiff respectfully submits the following memorandum.

**INTRODUCTION**

The primary basis for Defendant's Motion to Stay is rooted in Defendant's brazen belief that it is going to be successful (which it will not) in its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Naturally, every defendant who files a motion to dismiss should share this belief. And yet the Federal Rules and courts across the country recognize the important of continuing discovery during such dispositive motions – whether the motion is pursuant to Rule 12(b)(6), Rule 12(c), or Rule 56. This is especially true in a district that prides itself on its expeditious disposition of cases, which would not be possible with prolonged discovery timeframes and stays on discovery every time a dispositive motion is file. Defendant's request is inconsistent with the customary regimen of practice of the Rocket Docket and seeks to set a

1

dangerous precedent without any meaningful proof or description of an unreasonable burden. Putting aside the fact that the Complaint undoubtedly alleges sufficient facts upon which relief can be granted, Defendant's motion seeks to dismiss the original complaint and the Plaintiff will likely be permitted to amend. To that end, even if Defendant is successful in its current motion, any delay will be inordinate and impede the significant discovery that must be conducted in order for the Plaintiff to prosecute his claims and those of the class he seeks to represent. Accordingly, Defendant's Motion to Stay Discovery should be denied.

## STANDARD OF REVIEW

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue orders establishing several limitations on discovery. The Fourth Circuit held that the scope and conduct of discovery are within the sound discretion of the district court. *See Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988). Pursuant to this Rule, a court may stay discovery pending determination of a motion to dismiss. *See Thigpen v. United States*, 800 F.2d 393, 396-97 (4th Cir.1986), *overruled on other grounds, Sheridan v. United States*, 487 U.S. 392 (1988). However, "such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Simpson v. Specialty Retail Concepts*, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988). Consequently, "a request to stay all discovery pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the entire case." *Id.*

## ARGUMENT

As discussed above, motions to stay are generally disfavored because when discovery is delayed, it impedes the Court's responsibility to expedite discovery and can cause other

2

unnecessary litigation problems. *Id*. Plaintiff's counsel believes that such would be this case here as Defendant's pending motion to dismiss challenges the allegations in Plaintiff's original complaint and Plaintiff would likely be granted leave to amend to cure any deficiencies. Thus, Defendant's motion to dismiss is not dispositive and the stay poses a significant and inordinate obstacle to the efficient prosecution of the class claims, which undoubtedly exist.

Defendant does not provide any proof whatsoever that the expenses in responding to similar requests in this case would be unreasonable. Defendant also provides no reasonable explanation on how this differs from any other case where a litigant is seeking discovery while a motion to dismiss is pending. Moreover, Defendant asks for a stay of all discovery – not an identified topic that would be unreasonably burdensome at this stage. There is no reason why Defendant cannot answer Plaintiff's Request for Admissions. Similarly, there is also no reason why the Defendant cannot provide all the documents such as those provided from the creditor on whose behalf it was attempting to collect the debt from the Plaintiff.

As stated above, Defendant's request is inconsistent with the customary regimen of practice of the Rocket Docket and seeks to set a dangerous precedent without any meaningful proof or description of an unreasonable burden. More importantly, it will undoubtedly delay and prolong the discovery in this case, which is going to move forward on many of the issues in Plaintiff's discovery.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court to deny Defendants' Motion to Stay Discovery .

                                                                       Respectfully Submitted,
                                                                       Timothy Kelly
                                                                       By Counsel

_____/s/_____
By: Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com

Kristi C. Kelly, VSB#72791
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd floor
Fairfax, VA 22030
(703) 277-9774
(703) 591-9285 (Fax)
kkelly@siplfirm.com

Leonard A. Bennett, VSB#37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, V A 23601
(757) 930-3660
(757) 930-3662 (Fax)

Matthew J. Erausquin, VSB#65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3513 (Fax)

*Counsels for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 26th, 2013, I filed a copy of the foregoing with the Clerk of Court using the CM/ECF system and which will send notification of such filing to the following CM/ECF participants:

John C. Lynch, Esq.
Jason E. Manning, Esq.
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
*Counsel for Defendant*


            /s/             
Kristi C. Kelly, VSB#72791
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
Phone: (703) 277-9774
Fax: (703) 591-9285
Email: kkelly@siplfirm.com
