IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

TIMOTHY KELLY,

          Plaintiff,

v.                                         Civil Action No. 3:13-cv-00311-JAG

NATIONSTAR MORTGAGE, LLC,

          Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on the defendant's motion to dismiss. (Dk. No. 7.) The plaintiff, Timothy Kelly, on behalf of himself and all others similarly situated, filed a complaint against Nationstar Mortgage, LLC ("Nationstar") for violation of the Fair Debt Collection Practices Act ("FDCPA") based on two letters from Nationstar to Kelly. Nationstar moves to dismiss Kelly's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[1]

Count I concerns a notice Kelly received from Nationstar. The document, a Notice of Assignment, Sale, or Transfer of Servicing Rights (the "Notice of Servicing Letter"), informed Kelly that Nationstar would handle his mortgage in the future. Kelly alleges a violation of 15 U.S.C. § 1692e(11) based on the Notice of Servicing Letter. Section 1692e(11) requires debt collectors to make certain disclosures on all communications "in connection with the collection of any debt;" these disclosures are known as the "mini-Miranda." 15 U.S.C. § 1692e. Count I

---

[1] Nationstar also moves to stay discovery until the resolution of its motion to dismiss. (Dk. No. 9.) Having decided the motion to dismiss, the Court denies the motion to stay discovery.

presents the issue whether Nationstar sent the Notice of Servicing Letter "in connection with the collection of any debt," and thereby had a duty to give the written mini-Miranda.

Count II involves a second letter from Nationstar. Among other things, the second letter informed Kelly of the amount owed on his mortgage. Kelly alleges a violation of 15 U.S.C. § 1692g(a)(1) based on a second letter (the "FDCPA Letter") from Nationstar. Section 1692g(a)(1) requires debt collectors to send the debtor written notice containing specific information about the debt, including "the amount of the debt." The two disputed issues in Count II consist of: (1) whether Nationstar must provide the amount of the debt in the FDCPA letter as of the date of the letter and (2) whether the letter obscured the amount of the debt.

The Court GRANTS Nationstar's motion as to Count I, and DENIES it as to Count II. As to Count I, a consumer could not conclude that the Notice of Servicing Letter sent on its own qualifies as a communication "in connection with any debt." As to Count II, although § 1692g(a)(1) does not require debt collectors to provide the amount of debt as of the date of the notice, Nationstar obscured the amount of debt owed by adding confusing language to the FDCPA letter.

## I. Background

Kelly borrowed money for a home mortgage in August 2005, but, at some point, went into default. On October 30, 2012, Nationstar mailed Kelly three letters: (1) the Notice of Servicing Letter (Dk. No. 8-2); (2) the FDCPA Letter (Dk. No. 8-3); and (3) a letter welcoming Kelly to Nationstar (the "Welcome Letter") (Dk. No. 8-1). Kelly alleges in his complaint that "to the best of his recollection, Exhibit A [the Notice of Servicing Letter] was the only document Plaintiff Kelly received in the envelope that contained the correspondence." (Dk. No. 1, Pl.'s

Compl. ¶ 15.) Thus, presumably Kelly received all three letters in separate envelopes, but at a minimum, according to Kelly, he received the Notice of Servicing Letter by itself.[2]

The Notice of Servicing Letter included the following: the name of the institution that transferred Kelly's mortgage loan to Nationstar, Nationstar's contact information, the date that Nationstar would start accepting payments from Kelly, a note that Nationstar had included a Welcome Letter, and various other information about consumer rights under the Real Estate Settlement Procedures Act (RESPA). The letter did not include a § 1692e(11) disclosure.[3]

The FDCPA Letter dated October 30, 2012, contained information about Kelly's debt. The FDCPA Letter states in relevant part:

> Your total debt as of 10/15/12 is $202,197.64. This amount includes your outstanding Unpaid Principal Balance of $186,825.96, $9,865.74 in interest, $1,334.92 from Fees, and $40.00 from expenses paid on your behalf. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.

(Dk. No. 8-3.)

---

[2] Nationstar points out in its motion to dismiss that the Notice of Servicing Letter stated: "[e]nclosed is your Welcome Letter which includes a payment coupon with detailed loan information." (Dk. No. 8-2, Def.'s Mot. Dismiss.) Nationstar, however, does not explicitly state whether it actually enclosed the Welcome Letter in the same envelope as the Notice of Servicing Letter. Additionally, Kelly in his response brief does not come out and state whether Kelly found the Welcome Letter in the same envelope with the Notice of Servicing Letter. Kelly only states that the Court should look to the "context of the other package of documents mailed the same day as the Notice of Servicing Transfer, which Defendant admits was sent in connection with an attempt to collect a debt." (Dk. No. 12 at 4, Pl.'s Resp. Br.) Kelly does not state what the "other package of documents" contained. Furthermore, Kelly has not asked the Court for leave to amend his complaint to state that he received the two letters together. For purposes of the motion to dismiss, the Court has construed the facts in Kelly's complaint as true and thus that he received the Notice of Servicing Letter by itself.

[3] The bottom of Nationstar's Welcome Letter to Kelly (Dk. No. 8-1), which Kelly alleges Nationstar did not include in the envelope with the Notice of Servicing Letter, did include the mini-Miranda stating: "Nationstar is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose." (Dk. No. 8-1) (emphasis omitted).

## II. Standard of Review

A Fed. R. Civ. P. 12(b)(6) motion to dismiss tests the sufficiency of a complaint; it does not resolve contests surrounding the facts of the case, the merits of a claim, or the applicability of any defense. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001). To survive a motion to dismiss, a complaint must contain sufficient factual matter which, accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief, in other words, the "plausibility of 'entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557).

## III. Discussion

*a. Count I – Violation of § 1692e(11)*

Section 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section." *Id.* Most of the sixteen sub-sections that follow this language prohibit various forms of false representation; sub-section (11), however, forbids:

> The failure to disclose in the initial written communication with
> the consumer . . . that the debt collector is attempting to collect a

> debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

§ 1692e(11). Kelly's complaint alleges that Nationstar's Notice of Servicing Letter did not include the "mini-Miranda" disclosures as required by § 1692e(11).

Fourth Circuit precedent requires this Court to adopt the objective "least sophisticated consumer" standard when determining whether a debt collector has violated § 1692(e). *See Creighton v. Emporia Credit Serv., Inc.*, 981 F. Supp. 411, 414 (E.D. Va. 1997) (citing *United States v. Nat'l Fin. Servs. Inc.*, 98 F.3d 131, 135–36, 138–139 (4th Cir. 1996) (adopting this standard in the context of 15 U.S.C. § 1692(e)). The least sophisticated consumer standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd." *Nat'l. Fin. Serv.*, 98 F.3d at 136. As the Supreme Court has aptly stated:

> [t]he fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced. There is no duty resting upon a citizen to suspect the honesty of those with whom he transacts business. Laws are made to protect the trusting as well as the suspicious.

*Id.* (quoting *Fed. Trade Comm'n v. Standard Educ. Soc'y*, 302 U.S. 112, 116 (1937)). The least sophisticated consumer standard, however, does not allow for "bizarre or idiosyncratic interpretations of collection notices." *Id.* The standard preserves a quotient of reasonableness and presumes a basic level of understanding and willingness on the part of the consumer to read with care. *Id.*

*1. All communications between a debt collector and debtor*

*are not required to contain the mini-Miranda*

This Court has recently stated "it is well-established that not every communication between a debt collector and a consumer is subject to the FDCPA and that the FDCPA applies only to communications that are intended to collect a payment." *Penn v. Cumberland*, 883 F. Supp. 2d 581, 587 (E.D. Va. 2012) (citing *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384–85 (7th Cir. 2010)). Thus, not all communications between a debt collector and debtor require the mini-Miranda.[4]

---

[4] The Court does not find any support for Kelly's argument that all communications must contain a mini-Miranda. The plaintiff makes this argument by taking statements from the Fourth Circuit and other courts out of context and misconstruing their holdings. First, to support his argument, Kelly cites to the Fourth Circuit's statement in *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir. 2012) that "[§ 1692e(11)] expressly prohibits this exact *omission* by requiring debt collectors to disclose their status in every communication with a consumer." Kelly, however, takes this statement out of context. The statement from *Warren* relates to the Court's discussion of whether materiality is a required element of § 1692e(11). *Id.* at 373–74. The Fourth Circuit emphasized the word "omission" to contrast its emphasis on "false representation" in the two prior sentences. *Id.* The Court in *Warren* never reached the issue of defining communications "in connection with the collection of any debt." Second, Kelly tries to support his argument by relying on another Fourth Circuit case, *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 232 (4th Cir. 2007). The Court in *Sayyed* stated that the FDCPA "defines 'communication' broadly as 'the conveying of information regarding a debt directly or indirectly to any person through any medium.'" *Sayyed*, 485 F.3d at 232 (citing 15 U.S.C. § 1692a(2)). This case simply states that the FDCPA defines communication broadly and states nothing concerning whether a broadly defined communication is in connection with the collection of a debt. Third, Kelly misconstrues the holdings in the Fourth Circuit's opinion in *Carroll v. Wolpoff & Abramson*, 961 F.2d 459, 461 (4th Cir. 1992) and the Northern District of New York's opinion in *Seabrook v. Onondaga Bureau of Medical Economics, Inc.*, 705 F. Supp. 81, 87 (N.D.N.Y. 1989). Both courts found that follow-up communications between a debt collector and debtor in addition to the initial communications must contain the mini-Miranda rights. Although these opinions state that all communications must contain the disclosure requirements, the cases only discuss communications that the court assumes to be in connection with the collection of a debt. Neither court makes a finding on which communications are actually in connection with the collection of a debt. Thus, the Court finds no support for Kelly's argument that all communications must contain a mini-Miranda.

6

### 2. *Nationstar did not send the Notice of Servicing Letter in connection with the collection of a debt*

To determine whether a debt collector sent a communication in connection with the collection of a debt, courts undertake a commonsense inquiry considering numerous factors including (1) the nature of the parties' relationship, (2) the purpose and context of the communication, and (3) whether an "animating purpose" of the communication is to induce payment. *Penn*, 883 F. Supp. 2d at 587-88; *see Gburek*, 614 F.3d at 385; *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011).

The first factor favors a finding that Nationstar sent the letter in connection with the collection of a debt. The complaint does not explicitly state that a relationship only exists between the parties because Kelly defaulted on his loan; the Court can reach this conclusion, however, by drawing all reasonable inferences in favor of Kelly, as it must at this stage in the litigation. *See Gburek*, 614 F.3d at 385 (citing *Ruth v. Triumph P'ships*, 577 F.3d 790, 798–99 (7th Cir. 2009)).

The second consideration, the purpose and context of the communication, weighs in favor of finding that Nationstar did *not* send the letter in connection with the collection of a debt. When objectively viewing the text of the Notice of Servicing Letter, the purpose is clearly to inform Kelly that Nationstar will now service his loan. In regard to the context, per Kelly's allegations, Nationstar did not include the Notice of Servicing Letter in the same envelope as the Welcome Letter or FDCPA Letter. The Seventh Circuit in *Ruth v. Triumph Partnerships*, 577 F.3d 790, 798–99 (7th Cir. 2009) held that because a debt collector sent a privacy notice in the same envelope as a collection letter, the privacy notice represented an attempt to collect a debt and required the mini-Miranda. In the instant case, however, the Notice of Servicing Letter arrived in its own envelope. While the text of the Notice of Servicing Letter states that

7

Nationstar intended to include the Welcome Letter with the Notice of Servicing Letter, the plaintiff alleges in his complaint that it arrived alone. Thus, looking objectively at the purpose and context of the Notice of Assignment letter, a debtor could not construe that the Notice of Servicing Letter arriving alone consists of a communication in connection with the collection of a debt.

Third, the animating purpose of the communication is not to induce the plaintiff to pay. The Notice of Servicing Letter did not include a demand for payment, did not include a payment coupon, contained no mention of Kelly's default, did not attempt to collect late fees or missed payments, and did not threaten any enforcement proceedings. The Northern District of Illinois, in a similar case, found that a letter sent pursuant to RESPA with a payment coupon but without the other elements listed above did not qualify as a communication in connection with the collection of a debt. *Thompson v. BAC Home Loans Servicing, L.P.*, No. 2:09-CV-311-TS, 2010 WL 1286747 at *4–5 (N.D. Ind. Mar. 26, 2010). In so holding, the court concluded that "[a]lthough ensuring payment of the debt cannot be denied as the Defendant's ultimate goal, the Notice itself did not provide terms of payment or deadlines, threaten further collection proceedings, or demand payment in any form." *Id.* at *5. Thus, the Court finds that this factor weighs in favor of finding that Nationstar did not send the Notice of Servicing Letter in connection with the collection of a debt.

Overall, the Notice of Servicing Letter, on its own, does not qualify as a communication in connection with the collection of a debt. The Notice of Servicing Letter discusses the servicing of Kelly's mortgage loan, but nowhere in the letter does Nationstar discuss the terms of payment, demand payment, or threaten future action. In fact, the letter does not even reflect that Kelly had defaulted on his mortgage. Even the organization of the letter conforms exactly to the

requirements for a notice of servicing transfer under RESPA for the transfer of any mortgage, whether in default or not. (*See* Dk. No. 12 at 14–15, Pl.'s Resp. Br. (citing 12 U.S.C. § 2605(b)(3)).) Thus, objectively, a least sophisticated consumer could not conclude that the Notice of Servicing Letter, standing alone, represents a communication in connection with the collection of a debt. Accordingly, Kelly has not stated a plausible claim for a violation of § 1692e(11) in Count I. As such, the Court grants Nationstar's Rule 12(b)(6) motion as to Count I.

*b. Count II – Violation of § 1692g(a)(1)*

Kelly alleges that Nationstar did not properly notify him of the amount of his debt pursuant to § 1692g(a)(1). The parties dispute two issues in Count II: (1) whether Nationstar must provide the amount of the debt as of the date of the letter and (2) whether the letter obscured the amount of the debt. The Court must again apply the "least sophisticated consumer" standard when interpreting an alleged violation of § 1692g. *See Nat'l Fin. Servs. Inc.*, 98 F.3d at 135–36, 138–39 (adopting this standard in the context of 15 U.S.C. § 1692e); *Creighton*, 981 F.Supp. at 415–16 (applying this standard to a § 1692g claim).

The FDCPA requires a debt collector to send a written notice containing certain information about the debt. Pertinent here is § 1692g(a)(1), which requires the notice to contain the "amount of the debt." *Id.* Kelly argues that Nationstar "was [r]equired to [d]isclose the [a]mount of the [d]ebt on the [d]ate that the Collection Letter was sent." (Dk. No. 12 at 20, Pl.'s Resp. Br.) Because the Fourth Circuit has yet to address the meaning of § 1692g(a)(1), Kelly bases his argument on a Seventh Circuit decision which established a "safe harbor" formula for complying with the "amount of debt" provision. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000). The communication at issue in *Miller* gave only the unpaid principal balance. *Id.* at 875. To this, Judge Posner noted that "[t]he

9

unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt." *Id.*

The "safe harbor" statement, which arguably qualifies as dicta, started with "[a]s of the date of this letter, you owe $___." *Id.* at 876. The following clarification, however, follows the "safe harbor" statement:

> Of course we do not hold that a debt collector must use this form of words to avoid violating the statute; but if he does, and (to repeat an essential qualification) does not add other words that confuse the message, he will as a matter of law have discharged his duty to state clearly the amount due.

*Id.*

A case from the Northern District of Illinois interprets *Miller* in conjunction with another Seventh Circuit case, *Bartlett v. Heibl*, 128 F.2d 497 (7th Cir. 1997), finding "that a collection letter which states either the amount due as of the date of the letter or as of a specific date is in compliance with § 1692g." *Jolly v. Shapiro*, 237 F. Supp. 2d 888, 893 (N.D. Ill. 2002). In so holding, the *Jolly* court found that the amount of debt as of a specific date does not violate § 1692g because "no reasonable person could conclude that such a collection letter does not inform the debtor of the amount due." *Id.*

This Court finds the *Jolly* court persuasive. Section 1692g(a)(1) simply does not require debt collectors to list the amount due as of the date of the communication. Indeed, the plain language of the sub-section requires only that a debt collector provide "the amount of the debt." Judge Posner has fashioned his "safe harbor" language based on the difficulty in listing the amount due on a loan on a future date. *See Miller*, 214 F.3d at 875. Because of the nature of loans with daily compounding interest and charges, in order to state the correct amount of a debt, the debt collector must state it as of a specific day. Accordingly, Judge Posner posited that

"[w]hat they certainly *could* do was to state the total amount due—interest and other charges as well as principal—on the date the [collection] letter was sent." *Id.* at 875–76 (emphasis added). Read in full, *Miller* only requires the debt collector to provide the correct amount of debt—the full debt, not just the principal balance like the letter in *Miller*. In short, the Court concludes that the letter need not state the amount due as of the date of the letter.

Nationstar's problem, however, is that according to *Miller*, § 1692g(a)(1) contains a second requirement: that the debt collector disclose the amount due in a manner that informs, and does not confuse, the debtor. *See id.* at 876. Nationwide's FDCPA Letter reads: "Your total debt as of 10/15/12 is $202,197.63." If Nationstar had stopped with this sentence, it would have satisfied § 1692g(a)(1). The sentence states the total amount of debt on a specific date. This sentence clearly informs the debtor of the "amount of the debt."

The FDCPA Letter, however, continues with: "This amount includes your outstanding Unpaid Principal Balance of $186,825.96, $9,865.74 in interest, $1,334.92 from Fees, and $40.00 from expenses paid on your behalf." These amounts total $198,066.62, a difference of $4,131.02 from the "total debt" listed in the first sentence.

By including these various components that do not add up correctly, Nationstar did exactly what *Miller* warned against: it "add[ed] other words that confuse the message." Nationstar listed principal, interest, fees, and expenses. The Court does not know what other component Nationstar excluded from its list that could amount to the $4,131.02 difference. Thus, this confusing language renders Kelly's claim against Nationstar for violation of § 1692g(a)(1) plausible. Accordingly, the Court denies the motion to dismiss as to Count II.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS in part and DENIES in part Nationstar's motion to dismiss. The Court GRANTS the motion as to Count I, but DENIES the motion as to Count II. The Court DENIES Nationstar's motion to stay discovery (Dk. No. 9).

The Court will enter an appropriate order.

Let the Clerk send a copy to all counsel of record.

Date: October 31, 2013
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge