IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMOTHY KELLY,
on behalf of himself and
all others similarly situated,

      Plaintiff,

v.                                   Civil Action No. 3:13cv311 (JAG)

NATIONSTAR MORTGAGE, LLC,

      Defendant.

**DEFENDANT NATIONSTAR MORTGAGE, LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Nationstar Mortgage, LLC ("Defendant"), by counsel, submits its Answer to Plaintiff Timothy Kelly's ("Plaintiff") Class Action Complaint ("Complaint") (ECF 1).

**INTRODUCTION**

1. Defendant admits the allegations contained in Paragraph 1 of the Complaint that this action purports to be brought as a Class Action for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, but denies that Class Certification is appropriate or that Plaintiff can meet the requirements of Fed. R. Civ. P. 23. Any remaining allegations are denied.

**I.**     **JURISDICTION AND VENUE**

2. The allegations set forth in paragraph 2 of the Complaint are legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied.

**II.**     **PARTIES**

3. Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 3 of the Complaint, and therefore must deny the same.

4. The allegations set forth in paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied.

5. The allegations set forth in paragraph 5 of the Complaint are admitted.

6. The allegations set forth in paragraph 6 of the Complaint are legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied.

7. The allegations set forth in paragraph 7 of the Complaint are legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied.

### III. FACTUAL ALLEGATIONS

8. The allegations set forth in paragraph 8 of the Complaint refer to documents, which speak for themselves. To the extent the allegations vary from those documents, they are denied.

9. The allegations set forth in paragraph 9 of the Complaint refer to documents, which speak for themselves. To the extent the allegations vary from those documents, they are denied.

10. The allegations set forth in paragraph 10 of the Complaint are legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied.

11. Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 11 of the Complaint, and therefore must deny the same.

12. The allegations set forth in paragraph 12 of the Complaint refer to documents, which speak for themselves. To the extent the allegations vary from those documents, they are denied.

13. The allegations set forth in paragraph 13 of the Complaint refer to documents, which speak for themselves. To the extent the allegations vary from those documents, they are denied.

14. The allegations set forth in paragraph 14 of the Complaint refer to documents, which speak for themselves. To the extent the allegations vary from those documents, they are denied.

15. Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 15 of the Complaint, and therefore must deny the same.

16. Pursuant to the Court's October 31, 2013 Memorandum Opinion (ECF 19), the letter attached as Ex. A to the Complaint was not required to contain a mini-Miranda; therefore, no response is required. To the extent a response is required, the allegations are denied.

17. Pursuant to the Court's October 31, 2013 Memorandum Opinion (ECF 19), the letter attached as Ex. A to the Complaint was not required to contain a mini-Miranda; therefore, no response is required. To the extent a response is required, the allegations are denied.

18. The allegations set forth in paragraph 18 of the Complaint are denied.

19. Plaintiff does not set any allegations forth in paragraph 19 of the Complaint, but rather makes a citation to a case; therefore, no response is required. To the extent a response is required, the allegations are denied.

20. The allegations set forth in paragraph 20 of the Complaint refer to documents, which speak for themselves. To the extent the allegations vary from those documents, they are denied.

21. The allegations set forth in paragraph 21 of the Complaint refer to documents, which speak for themselves. To the extent the allegations vary from those documents, they are denied.

22. The allegations set forth in paragraph 22 of the Complaint refer to documents, which speak for themselves. To the extent the allegations vary from those documents, they are denied.

23. The allegations set forth in paragraph 23 of the Complaint refer to documents, which speak for themselves. To the extent the allegations vary from those documents, they are denied.

24. The allegations set forth in paragraph 24 of the Complaint refer to documents, which speak for themselves. To the extent the allegations vary from those documents, they are denied.

25. The allegations set forth in paragraph 25 of the Complaint are legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied.

26. The allegations set forth in paragraph 26 of the Complaint refer to documents, which speak for themselves. To the extent the allegations vary from those documents, they are denied.

27. The allegations set forth in paragraph 27 of the Complaint are legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied.

28. The allegations set forth in paragraph 28 of the Complaint are legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied.

29. The allegations set forth in paragraph 29 of the Complaint are legal conclusions to which no response is required. To the extent the allegations are contrary to law, they are denied.

Furthermore, pursuant to the Court's October 31, 2013 Memorandum Opinion (ECF 19), the Court held that the letter attached as Ex. B to the Complaint complies with 1692g(a)91) because it need not state the amount due as of the date of the letter; therefore, no response is required.

30. The allegations set forth in paragraph 30 of the Complaint are denied.

### IV. CLASS ACTION ALLEGATIONS

31. Defendant admits that this action purports to be brought as a Class Action, but denies that Class Certification is appropriate or that Plaintiff can meet the requirements of Fed. R. Civ. P. 23. The remaining allegations set forth in paragraph 31 of the Complaint are denied.

32. **Numerosity**. The allegations set forth in paragraph 32 of the Complaint are denied.

33. **Predominance of Common Questions of Law and Fact**. The allegations set forth in paragraph 33 of the Complaint, including subsections (a) through (c), are denied.

34. **Typicality**. The allegations set forth in paragraph 34 of the Complaint are denied.

35. **Adequacy of Representation**. The allegations set forth in paragraph 35 of the Complaint are denied.

36. **Superiority**. The allegations set forth in paragraph 36 of the Complaint are denied.

37. **Injunctive Relief Appropriate for the Class**. The allegations set forth in paragraph 37 of the Complaint are denied.

### COUNT ONE
### VIOLATION OF 15 U.S.C. § 1692e(11)

38. Defendant incorporates and restates its response to the allegations in the preceding paragraphs as if fully set forth herein.

39. Pursuant to the Court's October 31, 2013 Memorandum Opinion (ECF 19), Count I of Plaintiff's Complaint has been dismissed; therefore, no response is required. To the extent a response is required, the allegations are denied.

40. Pursuant to the Court's October 31, 2013 Memorandum Opinion (ECF 19), Count I of Plaintiff's Complaint has been dismissed; therefore, no response is required. To the extent a response is required, the allegations are denied.

41. Pursuant to the Court's October 31, 2013 Memorandum Opinion (ECF 19), Count I of Plaintiff's Complaint has been dismissed; therefore, no response is required. To the extent a response is required, the allegations are denied.

**COUNT TWO**
**VIOLATION OF 15 U.S.C. § 1692g(a)(1)**

42. Defendant incorporates and restates its response to the allegations in the preceding paragraphs as if fully set forth herein.

43. The allegations set forth in paragraph 43 of the Complaint are denied.

44. The allegations set forth in paragraph 44 of the Complaint are denied.

45. Defendant denies that Plaintiff is entitled to any of the relief sought in the "WHEREFORE" section of the Complaint, immediately following paragraph 44 of the Complaint, including the relief set forth in subparagraphs (A) through (E).

46. Defendant denies that Plaintiff is entitled to any relief and denies that it is liable to Plaintiff or the purported class in any amount whatsoever under any theory of liability whatsoever.

47. Defendant denies that Plaintiff can meet Rule 23 requirements, denies that class certification is appropriate, and denies that Plaintiff is entitled to class certification.

48. Defendant denies each and every allegation not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

1. Defendant avers that all of the claims in the Complaint fail to state a plausible claim against Defendant upon which relief may be granted and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009).

2. Defendant avers that the Complaint fails to adequately define any class of persons who could properly prosecute this action as a class action; fails to allege any claim that can be prosecuted as a class action; otherwise fails to satisfy the requirements of Fed. R. Civ. P. 23; and cannot, therefore, properly proceed as a "class action."

3. At all times relevant, Defendant acted neither negligently nor willfully within the meaning of the FDCPA, 15 U.S.C. §1692 *et seq.,* and it acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

4. Plaintiff's individual and class claims are barred to the extent that Defendant has substantially complied with the requirements of the FDCPA.

5. Plaintiff's individual and class claims are barred by the bona fide error defense pursuant to the FDCPA, 15 U.S.C. § 1692, *et seq*.

6. Defendant avers that some or all of the claims made in the Complaint are barred because Plaintiff and/or members of the purported class lack standing.

7. Defendant acted reasonably and prudently under the circumstances.

8. Plaintiff's class claims may be barred in whole or in part by the applicable statute(s) of limitation and/or the doctrine of laches.

9. Plaintiff's individual and class claims may be barred, in whole or in part, by the principles of *res judicata*, collateral estoppel, judicial estoppel, and/or the failure to assert such claims as compulsory counterclaims in prior litigation.

10. Plaintiff's individual and class claims are barred to the extent that Defendant has substantially complied with the requirements of the FDCPA.

11. Defendant reserves the right to amend its Answer to add such additional defenses as may appear appropriate after investigation and discovery are complete.

WHEREFORE, Defendant Nationstar Mortgage, LLC, having fully responded to Plaintiff's Class Action Complaint, respectfully requests:

(a) that the Court enter judgment in favor of Defendant and against Plaintiff on the claims in Plaintiff's Complaint, deny all relief sought by Plaintiff, and dismiss Plaintiff's Complaint with prejudice;

(b) that the Court deny Plaintiff's request for class certification, as Plaintiff has failed to meet her burden to prove that the requirements of Fed. R. Civ. P. 23 are satisfied;

(c) that the Court award Defendant its costs, including reasonable attorneys' fees, incurred in connection with this action; and

(d) that the Court award Defendant such other and further legal or equitable relief as the Court deems appropriate.

**NATIONSTAR MORTGAGE, LLC**

By: /s/ Jason E. Manning
      Of Counsel

John C. Lynch (VSB No. 39267)
Jason E. Manning (VSB No. 74306)
Counsel for Defendant Nationstar Mortgage, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1524
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of November, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**Counsel for Plaintiff Timothy Kelly**
Dale W. Pittman
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
E-mail: dale@pittmanlawoffice.com

Kristi Cahoon Kelly
Andrew J. Guzzo
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
E-mail: kkelly@siplfirm.com
E-mail: aguzzo@siplfirm.com

Leonard A. Bennett
Susan M. Rotkis
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
E-mail: lenbennett@clalegal.com
E-mail: srotkis@clalegal.com

Matthew J. Erausquin
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
E-mail: matt@clalegal.com

    /s/ Jason E. Manning
Jason E. Manning (VSB No. 74306)
Counsel for Nationstar Mortgage, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1524
E-mail: jason.manning@troutmansanders.com