**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**TIMOTHY KELLY,**
**on behalf of himself and**
**all others similarly situated,**

   **Plaintiff,**

  **v.**         **Civil Action No. 3:13cv311 (JAG)**

**NATIONSTAR MORTGAGE, LLC,**

   **Defendant.**

**DEFENDANT NATIONSTAR MORTGAGE, LLC'S**
**MEMORANDUM IN SUPPORT OF ITS**
**MOTION FOR PROTECTIVE ORDER**

Defendant Nationstar Mortgage, LLC ("Nationstar"), by counsel, pursuant to Federal Rule of Civil Procedure 26, submits this Memorandum of Law in Support of its Motion for entry of a Protective Order regarding Plaintiff Timothy Kelly's ("Plaintiff") Notice of Rule 30(b)(6) Deposition of Defendant.

**I.**   **INTRODUCTION**

Nationstar regrets having to trouble the Court with this discovery motion but Plaintiff has scheduled the Rule 30(b)(6) deposition of Nationstar for February 4, 2014 without conferring about availability for that date before serving the notice. Nationstar's corporate representative A.J. Loll is not available on February 4. Nationstar communicated this to Plaintiff's counsel and proposed five alternative available dates for the deposition to occur before the discovery cutoff of March 3. However, Plaintiff has refused to reschedule the February 4 deposition necessitating the filing of this motion for a protective order to reschedule the deposition.

Plaintiff will not suffer prejudice from rescheduling the deposition on one of the proposed alternative dates of February 19, 20, 21, 24, or 25 because these dates are within the discovery period set forth by the Court's Scheduling Order.  None of the scheduling order deadlines need be altered.

Further, rescheduling of the Rule 30(b)(6) deposition of Nationstar for a later date may be necessary because, on January 30, 2014, Plaintiff filed a Motion for Leave to Amend his Complaint and add a new claim against Nationstar.  Nationstar's response to Plaintiff's Motion for Leave is not due until February 13.  We will not know Nationstar's position to Plaintiff's leave to amend until later this week as our client contact is out of the office.  Further, the weather has caused office closures during the last two weeks, which has complicated scheduling matters.

For these reasons, the Court should grant this Motion for Protective Order and postpone the Rule 30(b)(6) Deposition of Nationstar set by Plaintiff for February 4, 2013.  We will inform the Court of Nationstar's position on Plaintiff's leave to amend as soon as possible as that may necessitate an extension of current discovery deadline.

## II.   PROCEDURAL HISTORY

1.     On May 15, 2013, Plaintiff filed his Class Action Complaint (ECF 1).  On July 12, 2013, Nationstar responded to Plaintiff's Complaint with a Motion to Dismiss (ECF 7).

2.     On July 12, 2013, Plaintiff served his First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission ("Plaintiff's First Set of Discovery") on Nationstar.  On August 15, 2013, Nationstar served its responses to Plaintiff's First Set of Discovery and produced responsive documents.

3.     On October 31, 2013, the Court issued its Memorandum Opinion granting in part, and denying in part, Nationstar's Motion to Dismiss (ECF 19).

4.      On November 1, 2013, the Court issued its Initial Pretrial Order requiring the parties to complete all discovery by March 3, 2014 and setting a bench trial for May 12, 2014 at 9:00 a.m. (ECF 22).

5.      On November 20, 2013, Plaintiff served his Second Set of Interrogatories, Requests for Production of Documents, and Requests for Admission ("Plaintiff's Second Set of Discovery") on Nationstar.  On December 20, 2013, Nationstar served its responses to Plaintiff's Second Set of Discovery.

6.      On January 20, 2014, Plaintiff served his Notice of Rule 30(b)(6) Deposition ("Notice") of for Tuesday, February 4, 2014 at 10:00 AM without first seeking to determine if that date was available.   Due to snowstorms the last two weeks, many offices (including Nationstar's counsel) were closed for several days due to unsafe road conditions.

7.      On January 30, 2014, Plaintiff filed a motion for leave to amend his complaint. (ECF 24)  However, Plaintiff had the documents that Nationstar produced in discovery for nearly six (6) months prior to seeking that amendment and only one (1) month prior to the close of discovery.

8.      On January 31, 2014, Nationstar's corporate representative communicated to Nationstar's counsel that it was not available on February 4.  Counsel for Nationstar immediately notified Plaintiff's counsel, via e-mail correspondence, that the February 4 deposition date would not work and proposed several alternative dates for rescheduling the deposition prior to the discovery cutoff on March 3, 2014.  The proposed dates are February 19, 20, 21, 24, and 25. Counsel for Nationstar also notified Plaintiff's counsel that it would consent to a reasonable discovery extension in light of the rescheduled deposition dates.  Nonetheless, Plaintiff's counsel

has refused to reschedule the deposition of Nationstar to any of the proposed dates. (E-Mail chain attached hereto as **Exhibit 1**).

9.     Nationstar will consent to a reasonable extension should Plaintiff move to obtain one, and such an extension will likely be appropriate if Plaintiff's pending motion for leave to amend is granted.   However, because Plaintiff's counsel refused to cancel the February 4 deposition and refused to amend the Notice of Deposition, Nationstar is filing the present Motion for Protective Order to ensure that its interests are adequately protected.

### III.     LEGAL STANDARD

Pursuant to Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from … undue burden or expense, including … specifying … time and place[] for the disclosure or discovery." *Id.*   The United States Court of Appeals for the Fourth Circuit has recognized that trial courts are given "wide discretion" in issuing such orders. *Thigpen v. United States*, 800 F.2d 393, 396-97 (4th Cir. 1986) (holding the trial court did not err in granting the party's motion to stay discovery pending disposition of the 12(b)(1) motion); *see also Hinkle v. City of Clarksburg*, 81 F.3d 416, 426 (4th Cir. 1996) (noting that district courts "enjoy nearly unfettered discretion to control the timing and scope of discovery").

Under this authority, a court may postpone discovery on certain issues until others are resolved, or provide parties additional time to determine information that is sought, and thus "manage the discovery process to facilitate prompt and efficient resolution of the lawsuit." *Crawford*, 523 U.S. at 599.   Indeed, doing so is consistent with the maxim that the federal rules are to be "administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

## IV.   ARGUMENT

**A.    Good Cause Exists to Reschedule Nationstar's Rule 30(b)(6) Deposition that Plaintiff Scheduled for February 4, 2014 without conferring in advance.**

> **1.    Nationstar's Corporate Representative Is Not Available on February 4 and Nationstar Provided Five Alternative Dates to Plaintiff's Counsel, All Before the Discovery Cutoff.**

Plaintiff scheduled the Rule 30(b)(6) Deposition of Nationstar on February 4, 2014, without conferring with Nationstar's counsel regarding the availability of Nationstar's corporate representative and its counsel.  Nationstar's corporate representative A.J. Loll is not available on February 4, 2014.  Accordingly, Nationstar proposed five alternative dates of February 19, 20, 21, 24, and 25 to Plaintiff's counsel.  All of these dates are within the discovery period set by this Court's Scheduling Order.  Nationstar was delayed in communicating these alternative dates to Plaintiff's counsel until January 31, 2014 because of a number of intervening reasons, including the snowstorms two-weeks in a row that closed the office for several days.  Although counsel for Nationstar regrets not having provided the alternative dates to Plaintiff's counsel sooner, the dates were provided in sufficient time to cancel the February 4 deposition and issue an amended Notice of Deposition, which Plaintiff's counsel unreasonably refused.

> **2.    Plaintiff has a pending Motion to Amend his Complaint.**

Currently pending before this Court is Plaintiff's Motion for Leave to Amend his Complaint and add a new claim for Nationstar's alleged failure to notify Plaintiff of the creditor to whom the debt is owed ("Motion for Leave to Amend") (ECF 24).  Nationstar's response to Plaintiff's Motion for Leave is not due until Thursday, February 13, which is after the deposition currently noticed for February 4.  Nationstar has grounds to oppose Plaintiff's Motion for Leave to Amend for multiple reasons, including Plaintiff's unreasonable delay in waiting to amend his Complaint until nearly six (6) months after Nationstar produced documents that allegedly form

the basis of Plaintiff's new claim; three (3) months after the Court's ruling on Nationstar's Motion to Dismiss; and just one month prior to the discovery cutoff.  We will inform the Court as soon as we have had the opportunity to confer with Nationstar, which will be later this week due to the client contact's business travel.

Although Plaintiff has not been granted the Court's permission to amend his Complaint and add the claim for failure to identify the creditor to whom the debt is owed, the Notice of Deposition calls for Nationstar's corporate representative's testimony regarding "any and all facts concerning the creditor" on whose behalf Nationstar has been servicing Plaintiff's loan. (Notice of Deposition, para. 13, attached hereto as **Exhibit 2**).   Nationstar's corporate representative should not be required to testify regarding the issues raised in Plaintiff's Amended Complaint unless and until Plaintiff's Motion for Leave is granted.  The proper scope of the deposition topics can only be determined after the Court's resolution of Plaintiff's Motion for Leave.  Even if the deposition were to go forward on February 4 and be limited to topics related only to the current claim regarding the amount of debt, Nationstar should not be subjected to multiple depositions when one will suffice.

**B.      Plaintiff Will Not Suffer Prejudice from Rescheduling of the Rule 30(b)(6) Deposition of Nationstar.**

All of the proposed alternative dates are within the discovery period set forth in the Court's Scheduling Order.  Nationstar is willing to consent to a reasonable extension of the discovery deadline, and it may be appropriate depending on whether Plaintiff's motion for leave to amend is granted.   Nonetheless, Plaintiff will not suffer prejudice if the deposition is rescheduled to take place on one of the proposed dates of February 19, 20, 21, 24, or 25.

# V.   <u>CONCLUSION</u>

WHEREFORE, Defendant Nationstar Mortgage, LLC, respectfully requests that the Court grant its Motion for Protective Order regarding Plaintiff's Notice of Rule 30(b)(6) Deposition of Defendant scheduled for February 4, 2014, and grant Defendant any further legal or equitable relief as the Court deems appropriate.


**NATIONSTAR MORTGAGE, LLC**


By: ___/s/ Jason E. Manning_____
                                    Of Counsel

John C. Lynch (VSB No. 39267)
Jason E. Manning (VSB No. 74306)
Counsel for Defendant Nationstar Mortgage, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1524
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February, 2014, I electronically filed the foregoing

document with the Clerk of the Court using the CM/ECF system, which will send notification of

such filing to the following CM/ECF participants:

**Counsel for Plaintiff Timothy Kelly**
Dale W. Pittman
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
E-mail: dale@pittmanlawoffice.com


Kristi Cahoon Kelly
Andrew J. Guzzo
Kelly & Crandall
4010 University Drive, 2nd Floor
Fairfax, VA 22030
E-mail: kkelly@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com


Leonard A. Bennett
Susan M. Rotkis
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
E-mail: lenbennett@clalegal.com
E-mail: srotkis@clalegal.com


Matthew J. Erausquin
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
E-mail: matt@clalegal.com


_____/s/ Jason E. Manning_____
Jason E. Manning (VSB No. 74306)
Counsel for Nationstar Mortgage, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1524
E-mail: jason.manning@troutmansanders.com