**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**TIMOTHY KELLY,**
on behalf of himself and
all others similarly situated,

      **Plaintiff,**

      v.                                                 Civil Action No. 3:13cv311 (JAG)

**NATIONSTAR MORTGAGE, LLC,**

      **Defendant.**

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendant Nationstar Mortgage, LLC ("Nationstar" or "Defendant"), by counsel, submits this Memorandum in Opposition to Plaintiff Timothy Kelly's ("Plaintiff") Motion for Leave to File an Amended Class Action Complaint ("Amended Complaint") (ECF No. 24). Plaintiff's Motion for Leave should be denied on the grounds that: (1) Plaintiff's proposed amendment is futile because Plaintiff's amended class claim is time barred; and (2) Plaintiff's Motion for Leave is unduly late and prejudicial.

## I.     INTRODUCTION

Plaintiff's original Complaint arises from a letter dated October 30, 2012 sent by Defendant to Plaintiff pursuant to the FDCPA. Plaintiff's proposed amendment seeks to add a class claim under the FDCPA for incorrect identification of Nationstar as the creditor in a second letter, dated November 27, 2012, providing Notice of Default and Intent to Accelerate ("Notice of Default"). The Notice of Default Plaintiff relies was sent to Plaintiff nearly six (6) months before Plaintiff filed original complaint on May 16, 2013. Plaintiff did not include a claim based on the Notice of Default in his Complaint. On August 15, 2013, Nationstar served its responses

to Plaintiff's First Set of Discovery and produced responsive documents including the Notice of Default. Upon receipt of the discovery responses and Notice of Default, Defendant did not seek leave to amend his complaint to include a claim based on the Notice of Default. Defendant filed a motion to dismiss the Complaint, which the Court granted in part and denied in part on October 31, 2013, ECF No. 20). Upon receipt of the Court's ruling, Defendant did not seek leave to amend his complaint. The parties have exchanged discovery and discovery closes March 3, 2014.

Plaintiff's proposed amendment is based on an alleged misrepresentation about the creditor pursuant to the FDCPA that arose on November 27, 2012 (the date the Notice of Default was sent). The FDCPA has a one-year statute of limitation, which expired on November 27, 2013. Plaintiff was on notice of the facts giving rise to the potential claim, was represented by counsel, and was actively engaged in litigation over FDCPA disclosures, but failed to bring the claim until two (2) months after the expiration of the statutory period. Therefore, Plaintiff's proposed amendment (filed January 30, 2014, ECF No. 24) is time barred and should be denied.

Further, Plaintiff's delay in bringing the claim here demonstrates a lack of diligence and prejudices Defendant. Plaintiff waited twenty-one (21) months after initially receiving the Notice of Default, eight (8) months after filing his original Complaint, nearly six (6) months after receiving the Notice of Default again in discovery, three (3) months after the Court ruled on the claims asserted in the original Complaint, and one (1) month before the close of discovery to assert any claim based on the Notice of Default. This constitutes undue delay by Plaintiff, Defendant would be prejudiced if leave is granted, and leave to amend should be denied.[1]

---

[1] Defendant anticipates that Plaintiff will argue that the new claim in the proposed amended complaint is timely under a theory that it either it was equitably tolled or because it relates back

## II.   RELEVANT FACTUAL AND PROCEDURAL HISTORY

### A.   Original Complaint

On May 15, 2013, Plaintiff filed his Class Action Complaint (ECF No. 1). The original Complaint asserted two class claims. In Count I, Plaintiff argued that Nationstar's Notice of Servicing Transfer violated the FDPCA because it did not include a disclosure that the communication was from the debt collector and was intended to collect a debt. Count II of Plaintiff's original Complaint alleged that Nationstar's letter to Plaintiff dated October 30, 2012 (the "FDCPA Letter") violated the FDCPA because it did not disclose the amount of debt due as of the date of the letter and because the itemized breakdown did not add up to the total amount listed in the FDCPA Letter. (ECF No. 1 *passim*). A copy of the FDCPA Letter is attached hereto as **Exhibit A**.

The original Complaint defined the putative class as Virginia residents who are in default on their loans and who received debt collection communications from Nationstar within one year prior to the filing of the original Complaint. (Compl. ¶ 31). The class was divided into two subclasses: recipients of the Notices of Servicing Transfer and recipients of the FDCPA Letters that failed to disclose the amount of the debt as of the date of the letter. (*Id.*)

On July 12, 2013, Nationstar responded to Plaintiff's Complaint with a Motion to Dismiss (ECF No. 7). On October 31, 2013, the Court issued its Memorandum Opinion dismissing Plaintiff's Count I and dismissing, in part, Count II (ECF No. 19). The only claim that survived Nationstar's Motion to Dismiss is Plaintiff's claim arising from a discrepancy between the itemized breakdown and the total amount due listed on the face of the FDCPA Letter. (*Id.*)

---

to the original Complaint. However, for the reasons discussed below, those arguments fail as a matter of law and leave to amend should be denied.

B.      **Nationstar's Document Production**

On July 12, 2013, Plaintiff served his First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission ("Plaintiff's First Set of Discovery") on Nationstar. On August 15, 2013, Nationstar served its responses to Plaintiff's First Set of Discovery and produced responsive documents. The August 15 document production included "Notice of Default and Intent to Accelerate" dated November 27, 2012 ("Notice of Default") based on which Plaintiff brings his amended claim six months later. A copy of the Notice of Default is attached hereto as **Exhibit B**. On November 1, 2013, the Court issued its Initial Pretrial Order requiring the parties to complete all discovery by March 3, 2014 and setting a bench trial for May 12, 2014 at 9:00 a.m. (ECF No. 22).

C.      **Plaintiff's Motion for Leave to File Amended Complaint**

On January 30, 2014, Plaintiff filed his Motion for Leave to Amend Class Action Complaint. (ECF No. 24). Plaintiff's proposed Amended Complaint restates the claim arising from the discrepancy in the total and the breakdown of the amount due in the FDCPA Letter and adds a new claim under "15 U.S.C. § 1692e(2) and/or (10)." The new claim arises out of the Notice of Default, which identifies Nationstar Mortgage, LLC as the creditor to whom the debt is owed. (Ex. B). The FDCPA Letter identifies "FREDDIE MAC" as the creditor to whom the debt is owed. (Ex. A).[2] Plaintiff now alleges that "[the Notice of Default] contains a false and misleading representation that Defendant is the creditor to whom the debt is owed." (Am. Compl. ¶ 22). Plaintiff further asserts that, "[u]pon information and belief, Nationstar was never

---

[2] Plaintiff expressly identifies this disclosure in his Complaint, quoting verbatim the disclosure of Freddie Mac as creditor from the FDCPA letter. (ECF No. 1, p. 4) ("The creditor to whom the debt is owed is FREDDIE MAC, but the debt is being serviced by Nationstar."). This further demonstrates that Plaintiff was clearly on notice of this disclose, but failed to assert any claim pertaining to it before the one-year statute of limitation expired, despite having received the Notice of Default six (6) months before filing the original complaint.

4

a 'creditor to whom the debt was owed' under the FDCPA…. Rather, Nationstar is merely the collection servicer of Plaintiff's mortgage loan for Freddie Mac…. (*Id.*) In the alternative, to the extent Nationstar was the creditor as represented in Exhibit C, then Exhibit B is a false representation of the creditor to whom the debt is owed." (*Id.* at ¶ 25).

The proposed Amended Complaint defines the class as Virginia recipients of debt collection correspondence from Nationstar within one year prior to the filing of the Complaint. (Am. Compl. ¶ 26). The class is divided into two subclasses: (1) Virginia recipients of the FDPCA letters that "failed to properly disclose the amount of debt"; and (2) a new subclass of Virginia recipients of Notices of Default "that indicated that Nationstar was the creditor to whom the debt was owed. (*Id.*).

## IV. ARGUMENT

### A. Plaintiff's Amended Class Claim Is Time-Barred and Futile.

The FDCPA claims must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). In cases arising from the allegedly violative correspondence, the statute of limitations starts running "when a communication violating the FDCPA is sent." *See, e.g., Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 501 (D. Md. 2004); *see also Llewellyn v. Shearson Fin. Network, Inc.*, 622 F. Supp. 2d 1062, 1073 (D. Colo. 2009) ("An FDCPA claim accrues at the time the false or misleading communication is made."). Therefore, the statute of limitations for claims arising from the Notice of Default began running on November 27, 2012 and expired on November 27, 2013. Plaintiff did not move to add his class claim arising from the Notice of Default until January 20, 2014, after the claim became time-barred.

It is well established that a court may deny leave to amend a complaint where the proposed amendments would be "futile." *See, e.g., Perkins v. United States*, 55 F.3d 910, 916-17

5

(4th Cir. 1995) ("the district court was justified in denying [plaintiff's] motion to amend her complaint because the proposed amendments could not withstand a motion to dismiss"); *Shafer v. Preston Memorial Hospital Corp.*, 107 F.3d 274, 281-82 (4th Cir. 1997) ("A court may refuse to allow leave to amend pleadings when the proposed changes would be futile"); *New Beckley Mining Corp. v. International Union, UMWA*, 18 F.3d 1161, 1164 (4th Cir. 1994) (same). Applying this standard, Plaintiff's motion for leave should be denied because the amended claim for failure to identify the creditor is time-barred.

### B. Plaintiff's Proposed Amendment Is Unduly Late and Prejudicial.

The United States Court of Appeals for the Fourth Circuit has made it clear that undue delay accompanied by prejudice to the non-movant is 'a sufficient reason' for denying leave to amend under Rule 15(a)." *Naden v. SAGA Software, Inc.*, 11 Fed. Appx. 381, 382-383 (4th Cir. 2001) (quoting *HealthSouth Rehabilitation Hosp. v. American Nat'l Red Cross*, 101 F.3d 1005, 1010 (4th Cir. 1996)); *accord Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (amending pleadings after the close of discovery, which would have required its reopening, prejudiced the non-moving party).[3] Undue delay can be inferred from the absence of explanation for the delay. *Naden*, 11 Fed. Appx. at, 382-83 (citing *National Bank of Washington v. Pearson*, 863 F.2d 322, 328 (4th Cir. 1988)) (emphasis added).

Here, Plaintiff received the Notice of Default on or around November 27, 2012 but did not assert his claim for wrongful identification of Nationstar as the creditor to whom the debt is owed when he filed his Original Complaint on May 13, 2013. As part of the discovery process,

---

[3] *See also Smith v. Angelone*, 111 F.3d 1126, 1135 (4th Cir. 1997) (holding that given the delay in amending, the late hour of the motion to amend, and the burdens it would impose on the opposing party, the district court did not abuse its discretion in denying the motion to amend); *see Holland v. Chase Home Fin., LLC*, 2011 U.S. Dist. LEXIS 102197 (E.D. Va. 2011) (denying motion to amend, finding plaintiff unduly delayed the amendment, which would prejudice defendant).

6

Nationstar produced the Notice of Default, which Plaintiff already had, to Plaintiff on August 15, 2013. However, despite having the Notice of Default in his own and his counsel's possession, Plaintiff stood by as Nationstar conducted its discovery and argued its dispositive motions in reliance on the allegations in Plaintiff's Original Complaint. *See Naden v. SAGA Software, Inc.*, 11 Fed. Appx. 381, 382-383 (4th Cir. 2001) (finding defendant was unduly prejudiced because, in conducting discovery and preparing his dispositive motions, defendant relied on the original pleadings, affirming the district court's denial of plaintiff's motion to amend).

Only eight months after the filing of the Original Complaint and one month prior to the discovery cutoff, did Plaintiff move to add a new claim against Nationstar. Plaintiff's Motion for Leave offers no reason for failing to exercise due diligence in asserting his amended claim because there is none.[4] *Deasy v. Hill*, 833 F.2d 38, 41 (4th Cir. 1987) (finding plaintiff's delay was undue because plaintiff failed to offer any reason for delay).

Plaintiff's undue delay in bringing a new class claim has unfairly prejudiced Nationstar on the eve of discovery cutoff and trial preparation. Indeed, Nationstar would have had to serve Plaintiff with discovery requests on the same day when Plaintiff filed its Motion for Leave in order for Nationstar's requests to be timely under the discovery cutoff of March 3. Furthermore, Nationstar would have to brief its Motion to Dismiss Plaintiff's amended class claim while at the same time complying with the tight pre-trial schedule, including briefing on a class certification motion, and preparation for the trial set for May 12, 2014. "The burden rests primarily upon the plaintiff to amend his complaint, not upon the defendant to anticipate a new claim." *Deasy*, 833 F.2d at 41. Plaintiff had all the facts in his possession but did not employ due diligence in asserting his amended claim and Plaintiff's unduly late Motion for Leave should be denied.

---

[4] Plaintiff's Motion for Leave only explains a two-week delay in filing the motion because Plaintiff was seeking Defendant's consent but this does not explain the prior eight-month delay.

**C.      Plaintiff Cannot Rely on Equitable Tolling or Relation Back as a Matter of Law**

Plaintiff's proposed amended complaint is time barred and Plaintiff failed to assert it despite being on notice of this claim and having ample opportunity to assert in a timely manner with the advice of counsel who are actively engaged in litigation.  In the interest of fully briefing this matter to the Court and in anticipation of Plaintiff's potential arguments on reply, controlling law demonstrates that Plaintiff cannot as a matter of law rely on either equitable tolling or relation back theories to meet his burden of proving the new proposed claim is timely.

**1.      Equitable Tolling Does Not Apply Under Controlling Law**

"'[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.'" *Smith v. Pennington*, 352 F.3d 884, 892-893 (4th Cir. 2003) (quoting *Am. Pipe & Constr. Co. v. Utah* [hereinafter, "*American Pipe*"], 414 U.S. 538, 554 (1974)) (emphasis added).  The Fourth Circuit has made it clear that "[t]he scope of a plaintiff's asserted class for tolling purposes is that class for which there was 'fair notice' as to **both 'the substantive claims' and the 'number and generic identities of the potential plaintiffs'** that might 'participate in the judgment' if the plaintiff's desired class was, in fact, certified." *Smith*, 769 F.2d at 893 (quoting *Davis v. Bethlehem Steel Corp.*, 769 F.2d 210, 212 (4th Cir. Md. 1985)).  Therefore, **"[c]laims as to which the defendant was not fairly placed on notice by the class suit are not protected under *American Pipe* and are barred by the statute of limitations."** *Crown v. Parker*, 462 U.S. 345, 355 (1983) (Powell, J., concurring) (emphasis added).  "The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.'" *American Pipe*, 414 U.S. at 554 (quoting *Order of R. Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348-49 (1944)).

8

Of particular relevance to the present case is the Fourth Circuit's decision in *Davis*, where the court held that the prerequisites for equitable tolling were not satisfied where allegations by the original class were not sufficiently specific to place the defendants on fair notice of the substantive claims in a later-brought class action. 769 F.2d at 211-12. Therefore, putative class claims in the second lawsuit were time-barred. *Id.*[5] "To permit tolling in this instance would inflict upon the defendants the very 'prejudice arising from claims for which [they] have received no prior notice' …." *Id.* (quoting *Crown*, 462 U.S. at 355 (Powell, J., concurring)).

Here, Nationstar was **not given any notice**, fair or otherwise, regarding Plaintiff's claim for failure to identify the creditor to whom the debt is owed. Plaintiff's proposed amended claim arises from an entirely separate letter, the Notice of Default dated November 27, 2012, that discloses Nationstar as the creditor to whom the debt is owed. (Am. Compl. ¶ 22). Plaintiff claims that such statement was false or misleading under the FDCPA because Nationstar is merely a servicer, and seeks to certify a new subclass of Virginia residents who received similar correspondence identifying Nationstar as the creditor to whom the debt is owed. (Am. Compl. ¶¶ 22, 26).

---

[5] In *Davi*s, plaintiff union workers brought a class action against defendants alleging racial discrimination. *Id.* at 210. The district court denied their motion for class certification because the named plaintiffs did not allege any injury to themselves. *Id.* at 211. Later, a new class representative brought another class action arising from the same discriminatory acts alleged in the first class action but also claiming injury to himself. *Id.* Plaintiff argued that his class claims were not time-barred because the statute of limitations was tolled during the pendency of the original class action. *Id.* The district court dismissed plaintiff's complaint as time-barred and plaintiff appealed arguing that, although the allegations in the original class action were quite non-specific regarding the named plaintiffs' injuries, defendants should have been placed on "constructive" notice of such injuries sufficient for tolling under *American Pipe*. *Id.* The Fourth Circuit rejected plaintiff's argument and held that plaintiffs' generalized allegations as to employment practices in the first lawsuit did not notify the defendants of the substantive claims against them or of the generic identities of the potential plaintiffs. *Id.* at 412.

Equitable tolling does not apply to Plaintiff's amended claim because the prerequisite for tolling under *American Pipe* are not met.  Specifically, during the pendency of the statute of limitations, Nationstar was not given "fair notice" as to both this "substantive claim[]" and the "number and generic identities" of the recipients of similar notices of default identifying Nationstar as the creditor.  In the words of the Supreme Court, "[w]ithin the period set by the statute of limitations, [Nationstar did not] have the essential information necessary to determine both the subject matter and size of the prospective litigation" with respect to the new proposed claim for failure to identify the creditor to whom the debt is owed. *American Pipe*, 414 U.S. at 555.  Therefore, Plaintiff's amended class claim is time-barred and Plaintiff's Motion for Leave to Amend must be denied as futile.

### 2. **Plaintiff's Amended Claim Does Not Relate Back to the Original Complaint.**

Rule 15(c)(1) permits relation back to the date of the original pleading if "the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading." *Id*.  In the Fourth Circuit, it is well-settled that, for the relation back doctrine to apply, two safeguards must be present: (i) there must be a factual nexus between the amendments and the prior pleading, and (ii) a defendant must have been given sufficient notice of the new claims such that he will not suffer prejudice if the amendments are found to relate back. *Grattan v. Burnett*, 710 F.2d 160 (4th Cir. 1983) (setting forth the two-part test, citing *Griggs v. Farmer*, 430 F.2d 638 (4th Cir. 1970) and *Davis v. Piper Aircraft Corp.*, 615 F.2d 606 (4th Cir. 1980)); *see also Vitullo v. Mancini*, 684 F. Supp. 2d 747, 754 (E.D. Va. 2010) (applying *Grattan*'s two-part test, finding relation back applied when all facts were pled in the original complaint and the amended complaint simply added a new cause of action).  The "linchpin" of this provision is notice. *See Schiavone v. Fortune*, 477 U.S. 21, 31 (1986).  "Although the relation-back rule ameliorates the effect of statutes of limitations, it does

not save the claims of complainants who have sat on their rights." *Glover v. FDIC*, 698 F.3d 139, 148 (3d Cir. 2012) (holding plaintiff's FDCPA claims did not relate back when the original pleading was based on a debt collection call and a demand of unlawful fees, while the amended complaint alleged that defendants failed to withdraw a foreclosure complaint).

Here, the Notice of Default on which Plaintiff bases his amended claim was not pled in the original Complaint and, during the pendency of the one-year statute of limitations, Nationstar **was not provided any notice** of Plaintiff's claim for wrongful identification of Nationstar as the creditor to whom the debt is owed in the Notice of Default. On the contrary, Plaintiff's original pleading indicates that there was nothing wrong with the disclosure of Freddie Mac as the creditor in the FDCPA letter pursuant to 15 U.S.C. § 1692g(a)(1). In his original Complaint, Plaintiff expressly identified the disclosure of Freddie Mac as creditor in the FDCPA letter (ECF No. 1 *passim*). Plaintiff cannot salvage this time-barred claim asserted under "15 U.S.C. § 1692e(2) and/or (10)" regarding the disclosure of the creditor (ECF No. 24, Ex. 1) by arguing it "relates back" because "[a]mendments filed outside the limitations period do not relate back to a timely [pleading] if they assert new claims or facts." *Winslow v. Dir.*, No. 7:12-cv-00407, 2013 U.S. Dist. LEXIS 111630 (W.D. Va. 2013); *cf. Vitullo*, 684 F. Supp. 2d at 754 ("because the June 16, 2008 letter was pled in the original complaint, Mancini did not lack notice of claims arising from that communication"). This is an entirely new class claim involving new facts and an independent, individualized analysis. Therefore, Plaintiff's amended claim is time-barred and cannot be salvaged under a theory of either equitable tolling or relating back.

## V. CONCLUSION

WHEREFORE, Defendant Nationstar Mortgage, LLC, respectfully requests that the Court deny Plaintiff's Motion for Leave to File Amended Complaint, and grant Defendant any further legal or equitable relief as the Court deems appropriate.

11

**NATIONSTAR MORTGAGE, LLC**

By:    /s/ John C. Lynch
           Of Counsel

John C. Lynch (VSB No. 39267)
Jason E. Manning (VSB No. 74306)
Counsel for Defendant Nationstar Mortgage, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1524
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 11th day of February, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**Counsel for Plaintiff Timothy Kelly**
Dale W. Pittman
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
E-mail: dale@pittmanlawoffice.com

Kristi Cahoon Kelly
Andrew J. Guzzo
Kelly & Crandall
4010 University Drive, 2nd Floor
Fairfax, VA 22030
E-mail: kkelly@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com

Leonard A. Bennett
Susan M. Rotkis
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
E-mail: lenbennett@clalegal.com
E-mail: srotkis@clalegal.com

Matthew J. Erausquin
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
E-mail: matt@clalegal.com

      /s/ John C. Lynch
John C. Lynch (VSB No. 39267)
Jason E. Manning (VSB No. 74306)
Counsel for Nationstar Mortgage, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1524
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com

21736265v1