IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TIMOTHY KELLY, *on behalf of himself and all others similarly situated,* ) ) ) ) Plaintiff, ) ) v. ) ) NATIONSTAR MORTGAGE, LLC, ) ) Defendant. ) ) | Civil Action No. 3:13-cv-311(JAG) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

COMES NOW, the Plaintiff, TIMOTHY KELLY, by counsel, and respectfully withdraws his Motion for Leave to File an Amended Complaint and states as follows:

Plaintiff withdraws his Motion to Amend the Complaint. The Motion was filed after discussions with NationStar's counsel, Mr. Lynch, over the last several weeks. The purpose was to consolidate otherwise separate claims prosecuted under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*, in preparation for the disposition of this case at the scheduled settlement conference. Given the likely cap imposed by the statute and the overlap between a class of consumers sharing both alleged claims, Plaintiff expected that Defendant would favor such consolidation and that the amendment would fairly empower the settlement process. *See Richardson v. William Sneider & Associates*, 2012 WL 3525625, *10 (E.D. Va. 2012) (stating "it is well established that… a successful Plaintiff may collect $1,000 per proceeding, not $1,000 per violation.").

Plaintiff believed the motion to be made by consent. In fact, NationStar counsel agreed with the benefits of the proposed amended complaint and stated his support to Plaintiff's

counsel, separately by telephone to both Ms. Kelly and Mr. Bennett, and in writing.[1] The opposition filed at noon today was the first time Defendant indicated that it objected to the motion. Plaintiff would not have filed same if Defendant had raised these objections when Plaintiff first sought Defendant's consent. Instead, for more than three weeks, Defendant's

---

[1]
- On January 20, 2014, when first asked, Mr. Lynch represented to Plaintiff's counsel that it would not be a problem and that Nationstar's counsel would recommend NationStar to consent to the motion, but that counsel needed Nationstar's permission to consent. NationStar's counsel further indicated that it would confirm no later than Wednesday, January 22, 2014.

- No response was provided on January 22, 2014, and Plaintiff's counsel sent a follow-up email on January 25, 2014, stating "I just wanted to follow up on our conversation about whether you consent to amending the complaint in Kelly. I thought you said you would get back to us last Wednesday, so I wanted to follow up." (January 25, 2014 E-mail attached as Exhibit 1).

- On January 27, 2014, Plaintiff's counsel e-mailed Defendant's counsel the motion, memorandum, and proposed complaint, and once again requested Defendant's consent to the filing. (January 27, 2014 E-mail attached as Exhibit 2).

- In response, Defendant's counsel indicated "I will get back with you later today or in the morning on this and the other issues in the Kelly case." (January 27, 2014 E-mail attached as Exhibit 3).

- Contrary to his representation, Defendant's counsel did not follow-up later that day or the following morning, even after he was once again e-mailed by Plaintiff's counsel. (January 28, 2014 E-mail attached as Exhibit 4).

- The Plaintiff filed his motion on January 30, 2014, after not hearing anything from counsel.

- On January 31, 2014, Defendant's counsel e-mailed Plaintiff's counsel requesting alternative dates for Defendant's Rule 30(b)(6) Deposition noticed for February 4, 2013. After directly questioned about Defendant's position on this motion, Defendant's counsel wrote: "I will not have an answer on the proposed amended complaint until Tuesday. **I have told you both my recommendations on that issue.** If I get an answer before Tuesday I will let you know." (January 31, 2014 E-mail attached as Exhibit 5).

- Yet, counsel provided no response on Tuesday, February 4, 2014, or at any time during the following week. Instead, Defendant filed a thirteen-page opposition to Plaintiff's motion, which raised its objections to the motion for the first time since Defendant's consent was requested on January 20, 2014.

2

counsel led Plaintiff's counsel to believe that NationStar shared his counsel's belief that the amendment provided mutual benefit.  Defendant's opposition filed this afternoon is the first time that it communicated to Plaintiff a contrary position, including Defendant's assertions that the claim is futile and that Plaintiff's filing was dilatory and improper.

If Defendant raised these issues on January 20, 2014, or any time before the motion was filed on January 31, 2014, Plaintiff would not have filed it. Moreover, if presented with its position, Plaintiff would have immediately withdrawn the motion without burdening the Defendant and, more importantly, the Court with an unnecessary motion. Simply put, there was absolutely no need for the Defendant to file its opposition or make the Court consider this motion.

Plaintiff respectfully withdraws this Motion.

Respectfully submitted,

**TIMOTHY KELLY**

By_____/s/_____
           Of Counsel

Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7576 Telephone
(703) 591-9285 - Facsimile
E-mail:  kkelly@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com

Leonard A. Bennett, Esq. (VSB #37523)
Susan Rotkis, Esq. (VSB #40639)
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile

E-mail: lenbennett@clalegal.com
E-mail: srotkis@clalegal.com

Matthew J. Erausquin, VSB#65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3513 (Fax)

*Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that on this 11th day of February, 2014, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John C. Lynch, Esq.
Jason E. Manning, Esq.
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
*Counsel for Defendant*

_____/s/_____
Kristi Cahoon Kelly, VSB #72791
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7576 Telephone
(703) 591-0167 - Facsimile
E-mail: kkelly@kellyandcrandall.com