IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TIMOTHY KELLY, *on behalf of himself* )<br>*and all others similarly situated,* )<br>)<br>Plaintiff, )<br>v. )<br>)<br>NATIONSTAR MORTGAGE, LLC, )<br>)<br>Defendant. )<br>) | Civil Action No. 3:13-cv-311(JAG) |

### MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO SEAL

COMES NOW the Plaintiff, TIMOTHY KELLY, by counsel, and for his Memorandum in Opposition to the Motion to Seal filed by the Defendant, NATIONSTAR MORTGAGE, LLC, he states as follows:

### ARGUMENT

Plaintiff opposes the Defendant's Motion to Seal, which offers nothing more than a single and conclusory sentence as justification for its request – "because the documents contain confidential information, including proprietary business information that is commercially sensitive." (Docket # 46, ¶ 2). Based on this one sentence, Defendant asks the Court to seal documents and deposition testimony that are general in nature and would not be advantageous to any of its competitors. Defendant's characterization of the materials is not only factually incorrect, but also fail to overcome its burden to present specific reasons to overcome the right of access to documents and materials filed in district courts. *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir.2004)

"When presented with a motion to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements." *Id*. The Fourth Circuit's seminal opinion in *Ashcroft v. Conoco, Inc*., 218 F.3d 282 (4th Cir. 2000), sets out the procedural requirements for sealing court files. *Id*. at 288. (stating "before a district court may seal any court documents, it must (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."). The substantive requirements are concerned with the right of public access to documents or material filed in district courts, which is derived from the common law and the First Amendment. *See I/P Engine, Inc. v. AOL, Inc*., 2:11CV512, 2012 WL 4050093 (E.D. Va. Sept. 13, 2012) (citing *Wash. Post*, 386 F.3d at 576). "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Wash. Post*, 386 F.3d at 576.

Defendant's conclusory allegations make it nearly impossible for the Court to consider the substantive requirements. Moreover, Defendant's boilerplate motion does not provide any evidence to satisfy the procedural requirements. As this Court found in *I/P Engine, Inc*. "the defendants merely characterize these materials, in conclusory fashion, as 'data that is and should be kept confidential…' The First Amendment right of access cannot be overcome by [a] conclusory assertion." *I/P Engine, Inc.,* 2012 WL 4050093 at *2. Indeed, it is hard to imagine, given the general nature of the documents, any harm or competitive loss that Nationstar could suffer if the documents were not sealed. Furthermore, Local Rule 5 is the means by which the Eastern District of Virginia implements these procedural requirements. Nationstar's motion does

not satisfy this rule. For these reasons, Plaintiff respectfully requests the Court to deny Nationstar's Motion to Seal.

                                              Respectfully submitted,

                                              **TIMOTHY KELLY**

                                              By        /s/
                                                          Of Counsel

Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7576 Telephone
(703) 591-9285 - Facsimile
E-mail: kkelly@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com

Leonard A. Bennett, Esq. (VSB #37523)
Susan Rotkis, Esq. (VSB #40639)
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com
E-mail: srotkis@clalegal.com

Matthew J. Erausquin, VSB#65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3513 (Fax)

By: Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com
*Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that on this 5h day of March, 2014, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John C. Lynch, Esq.
Jason E. Manning, Esq.
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
*Counsel for Defendant*

_____/s/_____
Kristi Cahoon Kelly, VSB #72791
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7576 Telephone
(703) 591-0167 - Facsimile
E-mail: kkelly@kellyandcrandall.com