IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

TIMOTHY KELLY,

          Plaintiff,

v.                                                   Civil Action No. 3:13-cv-00311-JAG

NATIONSTAR MORTGAGE, LLC,

          Defendant.

## ORDER

This matter comes before the Court on the plaintiff's motion for class certification. (Dk. No. 43.) The Court held a hearing on this matter on April 1, 2014. For the reasons stated from the Bench and those provided below, the Court GRANTS the motion.

The Court finds that Kelly's proposed class meets all of the requirements of Fed. R. Civ. P. 23(a). First, the class easily meets the numerosity requirement with more than 800 potential class members. Second, the class meets the commonality requirement because there are several common factual and legal issues including: (1) whether Nationstar failed to include all the amounts due in the debt breakdown, (2) whether Nationstar's omission of one number from the breakdown is confusing to the least sophisticated consumer when the total debt owed is accurately given elsewhere, and (3) whether the bona fide error defense bars Nationstar's liability. At this point in the case, the Court is not persuaded by Nationstar's argument that materiality applies to a § 1692g claim. The statute requires that a debt collector include "the amount of the debt." 15 U.S.C. § 1692g(a)(1). The debt collector, however, cannot provide the amount of the debt in a way that is confusing to the least sophisticated consumer. Contrary to

Nationstar's argument, the Court believes that even the least sophisticated consumer is capable of adding numbers to determine that the parts of the debt do not equal the whole debt. Third, the proposed class meets the typicality requirement. Kelly's claim is typical and identical to the other potential class members. Fourth, the class meets the adequacy of representation requirement because Kelly is motivated to pursue the case and he has retained good counsel to assist him in this process.

The Court also finds that Kelly's proposed class meets the requirements of Fed. R. Civ. P. 23(b)(3). First, common questions of fact and law predominate. Nationstar behaved identically towards all of the proposed class members. Additionally, the following legal questions are common to all class members: (1) whether the defendant's actions comply with the statute and (2) whether the bona fide error defense applies. Second, a class action is certainly the superior method for adjudicating the case: (1) the class members do not have a strong interest in individually prosecuting the case, (2) the Court is not aware of any competing litigation, (3) the Court finds it desirable to concentrate the litigation in either the Eastern or Western District of Virginia, and (4) the Court does not foresee any difficulty managing this case as a class action. Accordingly, the Court GRANTS the motion to certify the following class:

> All natural persons residing in Virginia to whom Defendant sent a dunning notice similar to Exhibit B of the Complaint: (i) in an attempt to collect a debt serviced by the Defendant, (ii) that Defendant's records show was in default at the time it received the rights to service the loan; (iii) that was incurred primarily for personal, household, or family purposes, (iv) during the one year period prior to the filing of the Complaint in this matter, (v) whose components of the debt stated in its verification letter did not equal the total debt also disclosed in the letter; and (vi) were within the set of files and/or letters produced by the Defendant pursuant to the Court's Order.

The Court does not certify, however, the proposed subclass. The plaintiff withdrew his request for a subclass at the hearing.

It is so ORDERED.

Let the Clerk send a copy to all counsel of record.

Date: April 2, 2014
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

3