IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMOTHY KELLY,
on behalf of himself and
all others similarly situated,

      Plaintiff,

v.                                        Civil Action No. 3:13cv311 (JAG)

NATIONSTAR MORTGAGE, LLC,

      Defendant.

## MEMORANDUM IN SUPPORT OF MOTION TO STAY
## PENDING INTERLOCUTORY REVIEW

Defendant Nationstar Mortgage, LLC ("Nationstar"), by counsel, files its Memorandum in Support of Motion to Stay Deadlines Pending Interlocutory Review. For the reasons set forth herein, Nationstar's motion should be granted.

## INTRODUCTION

This matter is a class action lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(1) regarding the statement of the total amount due. The Court granted Plaintiff's motion for class certification on April 2, 2014 (ECF#79), and Nationstar will be filing a petition with the Fourth Circuit Court of Appeals seeking review of the class certification decision pursuant to Fed. R. Civ. P. 23(f). The petition is due April 16, 2014.

The Fourth Circuit has not had the opportunity to construe section 1692(a)(1), and the legal standard and application of that section will be an issue of first impression. Nationstar believes that when the required disclosures under 1692g(a) are provided, but plaintiff argues they are communicated in a "confusing" manner that has the capacity to mislead, the Court must

engage in a "materiality" inquiry that precludes class certification. Further, even if the Fourth Circuit were to depart from the persuasive precedent in other Circuits and rule that "materiality" does not apply to section 1692g, "confusion" is fact-specific requiring the Court to make individualized inquiries precluding class certification, particularly when all of the amounts at issue are different in all of the purported class members' letters.[1]

This case is set for trial beginning on May 12, 2014 and, other than producing the redacted putative class members' letters, the parties have not engaged in class discovery and the purported class members have not received notice. Plaintiff has not provided any evidence of actual damages, discovery on the individual claims has been completed, and there is no harm to Plaintiff or any of the purported class members from a short stay pending appeal to the Fourth Circuit under Rule 23(f). The time and expense of class discovery to the parties and the Court, the potential confusion from class notices, and the invasion of class members' privacy interests may all be avoided with a temporary stay. Therefore, Nationstar respectfully requests that all deadlines in this case be stayed pending resolution of Nationstar's appeal by the Fourth Circuit.

## ARGUMENT

It is within this Court's discretion to enter a stay under these circumstances. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) (discretion to stay is "incidental to the power in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel and for litigants"). This is particularly true here because the Fourth Circuit has not construed section 1692g(a)(1), and persuasive precedent from other Circuit Courts

---

[1] All of the letters have different stated total amounts due, different courtesy breakdowns, different amounts of discrepancies between the total amount due and sum of the courtesy breakdown, different percentages of the amount of the discrepancy in proportion to the total amount due, and different notices provided at the same time as the FDCPA Letter (such as the escrow disclosure Plaintiff received on the same day).

demonstrates that materiality and fact-specific inquiries are applicable to claims of "confusion" under 1692g, which would preclude class certification. *See, e.g.*, *Maynard v. Bryan W. Cannon, P.C.*, 401 Fed. Appx. 389 (10th Cir. 2010) (dismissing plaintiff's Section 1692g claim for failure to disclose the amount of debt and verify it because "[t]he FDCPA does not result in liability for every statement later alleged to be inaccurate, no matter how small or ultimately harmless."); *D'Avanzo v. Global Credit & Collection Corp.*, 2011 U.S. Dist. LEXIS 63823 (D. Colo. Apr. 18, 2011) (acknowledging that materiality applies in the context of Section 1692g and 1692e claims); *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 758-59 (7th Cir. Ill. 2006) (citing cases applying the same fact-based inquiry under section 1692g, 1692e, and 1692f); *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 512-13 (6th Cir. Ohio 2007) ("Whether or not a [communication] is 'false, deceptive, or misleading' (in violation of § 1692e)" is an inquiry similar to "whether a [communication] is confusing in violation of § 1692g.") (quoting *McMillan*, 455 F.3d at 759). This constitutes a "serious legal question" of unsettled law that militates in favor of a stay pending resolution of the appeal under Rule 23(f). *See Brown v. Wal-Mart Stores, Inc.*, No. 5:09-cv-3339, 2012 U.S. Dist. LEXIS 163731, *5 (N.D. Cal. Nov. 15, 2012) (granting stay pending resolution of Rule 23(f) appeal).

Further, this Court and other courts in this Circuit have entered stays in order to permit Rule 23(f) petitions to be heard. *See, e.g.*, *Soutter v. Equifax Information Services, LLC*, No. 3:10-cv-00107, ECF # 120, Order (E.D. Va. June 9, 2011) (Payne, J.) (granting motion to stay class deadlines pending interlocutory appeal of the court's class certification decision but denying motion to stay with respect to the individual case) (individual case was also stayed subsequently); *see also Brown v. Charles Schwab & Co., Inc*., No. 2:07-cv-3853, 2010 U.S. Dist.

LEXIS 8212, *3-4 (D.S.C. Feb. 1, 2010). For example, in *Brown*, the court entered such a stay and explained, in language that applies with equal force here:

> The difference between this case as a class action and this case as a direct action is significant, especially in terms of the burdensome and costly class-wide discovery that will take place if this case proceeds as a class action. Class-wide merits discovery would not only burden the parties (particularly Schwab), but it could also burden the court if discovery disputes were to arise. And any expenditure of resources on class-wide discovery will be for naught if the Fourth Circuit sides with Schwab in its appeal of the class certification decision.

The *Brown* court entered a stay even though the 23(f) petition had not yet been granted and many members of the "class of investors" were "of retirement age," and allegedly would "continue to suffer financial harm until this case is resolved." *Id*. at *4. Here, Plaintiff has not produced any evidence of actual damages on behalf of himself or the class members he purports to represent, so there is no risk whatsoever of the "financial harm" that the *Brown* class members claimed—and even then that was insufficient to prevent a stay pending the outcome of the 23(f) appeal. On the contrary, the putative class members here face a likelihood of harm should a stay not issue. First, the parties risk generating confusion among class members from dissemination of class notices, which Plaintiff has stated that he intends to issue before the May 12, 2014 trial. If the Fourth Circuit accepts the appeal or reverses class certification, a curative notice will need to be issued, which is unlikely to effectively remedy confusion that could have been avoided. Second, class members' privacy interests are implicated because Plaintiff seeks disclosure of contact information for all putative class members, which will include disclosure of loan amounts and delinquency status on their personal debts. *See Brown*, 2012 U.S. Dist. LEXIS 163731, *12 ("Disclosing this sensitive personal information before resolution of Defendant's Rule 23(f) petition and possible appeal unnecessarily risk intrusion of individuals' privacy who may not ultimately belong to the class, if any class remains.").

There is no continuing harm and no credible claim to prejudice from a stay, especially when the significant expense, potential confusion from class notices, and disclosure of purported class members' personal contact information and financial information may be unnecessary. *See Gray v. Golden Gate Nat'l Recreational Area*, No. 08-722, 2011 U.S. Dist. LEXIS 149232, *11 (N.D. Cal. Dec. 29, 2011) ("The public interest lies in proper resolution of the important issues raised in this case, and issuance of a stay would avoid waiting resources on a class action litigation which might be changed in scope on appeal."); *In re Lorazepam & Clorazepate Antitrust Lit.*, 208 F.R.D. 1, 6 (D.D.C. 2002) ("In summary, a flexible balancing of the factors considered above reveals that while a denial of a stay at this juncture would cause no irreparable harm as a matter of law, proceeding headlong into discovery and other matters before this Court has the very real potential of unnecessarily wasting significant resources of all parties (potentially including absent class members) ... A short stay of all matters pending a decision from the Court of Appeals is therefore warranted."). Therefore, all factors relevant for the Court's analysis in exercising its discretion to stay this proceeding pending resolution of the Rule 23(f) petition and appeal strongly favor granting Defendant's motion.

## **CONCLUSION**

For the reasons set forth above, Nationstar requests that its motion to stay pending resolution of the Rule 23(f) appeal be granted.

Dated: April 4, 2014　　　　　　　　　　　　　**NATIONSTAR MORTGAGE, LLC**

　　　　　　　　　　　　　　　　　　　　　　　By:　/s/ Jason E. Manning
　　　　　　　　　　　　　　　　　　　　　　　　　　　Of Counsel

John C. Lynch (VSB No. 39267)
Jason E. Manning (VSB No. 74306)
Maryia Y. Jones (VSB No. 78645)
Counsel for Nationstar Mortgage, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1524
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com
E-mail: maryia.jones@troutmansanders.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**Counsel for Plaintiff Timothy Kelly**
Dale W. Pittman
The Law Office of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
E-mail: dale@pittmanlawoffice.com

Kristi Cahoon Kelly
Andrew J. Guzzo
Kelly & Crandall, PLC
40845 University Drive, Suite 202A
Fairfax, VA 22030
E-mail: kkelly@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com

Leonard A. Bennett
Susan M. Rotkis
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
E-mail: lenbennett@clalegal.com
E-mail: srotkis@clalegal.com

Matthew J. Erausquin
Casey S. Nash
Janelle M. Mikac
Consumer Litigation Associates, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
E-mail: matt@clalegal.com
E-mail: casey@clalegal.com
E-mail: janelle@clalegal.com

    /s/ Jason E. Manning
John C. Lynch (VSB No. 39267)
Jason E. Manning (VSB No. 74306)
Maryia Y. Jones (VSB No. 78645)
Counsel for Nationstar Mortgage, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1524
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com
E-mail: maryia.jones@troutmansanders.com