UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMOTHY KELLY, *on behalf of*
*himself and all others similarly situated*,

        Plaintiff,

v.                                          Civil Action No 3:13cv311

NATIONSTAR MORTGAGE, LLC,

        Defendant.

**PLAINTIFF'S REPLY IN SUPPORT OF HIS**
**MOTION FOR RULE 37(C)(1) SANCTIONS**

COMES NOW the Plaintiff, Timothy Kelly ("Plaintiff" or "Kelly"), on behalf of himself and all others similarly situated, by counsel and for his Reply in Support of His Motion for Rule 37(c)(1) Sanctions, he states as follows:

Plaintiff has moved the court to impose the sanction of exclusion that is automatically available under Fed. R. Civ. P. 37(c)(1) when a party fails to disclose or produce information without awaiting a demand for such information. The analysis of this issue is simple. Plaintiff has relied on the Defendant's disclosures, discovery responses and the results of our numerous meet and confer efforts through today. This case was filed on May 16, 2013, and yet the Defendant only identified Gloria Fillmon ("Ms. Fillmon") as a witness on February 21, 2014—well past the time Plaintiff could do anything meaningful with the disclosure except attempt to schedule a last minute deposition without any of the documents or information necessary to meaningfully depose Ms. Fillmon. The discovery process was established to allow all parties equal access to the information necessary to prove or defend against a claim. A party's discovery and disclosure obligation is not merely to disclose all of its evidence on or before the

day of a discovery cutoff. Rule 26 requires that these disclosures be made in a timely manner.

However, instead of demonstrating harmless error or substantial justification for failing to make complete or timely disclosures, Nationstar attempts to deflect attention from its non-compliance by placing the blame for its untimely disclosures and the prejudicial effect they had on the Plaintiff himself. For instance, Nationstar claims that Plaintiff had enough time to depose Ms. Fillmon in the month that remained in discovery—notwithstanding that the time for serving written discovery and reasonably scheduling and conducting depositions had passed.[1] Nonetheless, Nationstar failed to uphold its burden in showing that its noncompliance with Rule 26 was harmless or substantially justified. Thus, Nationstar should be prohibited from supporting any bona fide error defense, using any testimony from its employee, Ms. Fillmon, and using the declaration of Mr. Loll filed with Nationstar's Motion for Summary Judgment.

## ARGUMENT

### I.     DEFENDANT FAILED TO COMPLY WITH RULE 26

In order to defeat the Plaintiff's motion, the Defendant must demonstrate that its failure to provide information or identify a witness was either due to harmless error or was substantially justified. *Barksdale v. E & M Transp. Inc.*, 3:10CV140, 2010 WL 4534954, at *3 (E.D. Va. Oct. 27, 2010). In its opposition brief, the Defendant argues: (1) it has complied with Rule 26 and provided timely disclosures and thus Plaintiff is not entitled to evidence preclusion; and (2) its delayed disclosures amount to either harmless error or justification for its failure to comply with Rule 26.

---

[1] The original discovery cut-off date of March 3, 2014 was extended by the Court for the purpose of conducting a Rule 30(b)(6) deposition of A.J. Loll ("Mr. Loll") and a deposition of the Plaintiff. Thus, to schedule and depose an additional witness would likely have required another discovery extension in order to coordinate dates of availability for all parties involved as well as to ensure that Plaintiff had the documents necessary to meaningfully depose Ms. Fillmon.

Defendant argues that "Rule 26(e) explicitly provides for supplementation with 'information that was not originally provided although it was available at the time of the initial disclosure or response.'" Def.'s Opp'n at 9. However, this language is not in Rule 26(e). Nationstar was required at that time to make "disclosures based on information then reasonably available to it" and "is not excused from making its disclosure because it has not fully investigated the case." Fed. R. Civ. P. 26(a)(1)(E). Likewise, under Rule 26(e), a party must supplement its Rule 26(a) disclosures "in a *timely* manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A) (emphasis added). A party cannot trickle out its mandatory disclosures; it must make them within 14 days of the Rule 26(f) conference or at a time set by stipulation. Fed. R. Civ. P. 26(a)(1)(D). Simply put, Rule 26(e) does not authorize a party to strategically withhold evidence until the eleventh hour or just before discovery is about to close, as Nationstar seems to imply.

### A. Surprise, Ability to Cure, and Extent of Disruption

In this case, Nationstar sought to withhold evidence for its unilateral use and to Plaintiff's detriment. Discovery closed on March 24, 2014, and that was only because Plaintiff sought a 21-day extension due to scheduling difficulties of Nationstar's Rule 30(b)(6) deposition. Plaintiff filed his motion seeking this 21-day extension on February 4, 2014, and it was not granted until February 12, 2014. Still, no disclosure of Ms. Fillmon had been forthcoming even prior to the Court extending the discovery cut-off and the Defendant was faced with a pending discovery deadline of a mere three weeks. In fact, Nationstar did not disclose Ms. Fillmon as a witness until Friday, February 21, 2014 at 5:41 p.m. And even then, the disclosure merely stated that Ms. Fillmon "may have information regarding the letter in the form of Exhibit B [Plaintiff's FDCPA letter]". Def.'s Second Supplemental Responses to Plaintiff's First Set of Discovery,

3

Interrogatory No. 1, Ex. D to Def.'s Opp'n.  Even in its Third Supplemental Rule 26(a)(1) Disclosures, also served on February 21, 2014, the Defendant only indicated that Ms. Fillmon "may have discoverable information regarding Nationstar's validation of debt letter."  Ex. 6 to Pl.'s Mem. Supp. Mtn. for Sanctions.  None of these disclosures provided any indication as Ms. Fillmon's level of knowledge.  Moreover, by that point, it was too late to submit any written discovery regarding this newly identified witness or the information she possessed because the deadline had passed to do so nearly three weeks prior to the Defendant's disclosure of her identity.  Thus, Plaintiff's only option would have been to attempt to schedule a last minute deposition of Ms. Fillmon while already in the midst of extensive motions practice in this case, as well as in many of Plaintiff's counsel's other cases, and without the necessary documents and information pertaining to Ms. Fillmon's alleged knowledge about the case (or even an opportunity to request them).  Such a late disclosure was significantly prejudicial to the Plaintiff as it prevented him from discovering any information that Ms. Fillmon possessed, and upon which Nationstar later relied in its summary judgment motion.  Yet, the Defendant offers no substantial justification for its eleventh-hour disclosure of Ms. Fillmon and thus fails to satisfy its burden. Therefore, the Defendant should not be permitted to rely on any testimony from Ms. Fillmon, including her declaration in support of the Defendant's Motion for Partial Summary Judgment.

  Similarly, in support of its motion for summary judgment and in the Fillmon and Loll declarations, the Defendant relied on numerous documents that it failed to disclose in its Rule 26(a)(1) disclosures. Nor did it produce these documents at any point during the discovery process.  For example, Ms. Fillmon's declaration referenced training materials that were never produced.  Additionally, Mr. Loll's declaration referenced several documents, none of which

were produced during discovery. These documents clearly should have been included in Nationstar's Rule 26(a)(1) disclosures and produced in response to Plaintiff's discovery requests. Instead, Nationstar withheld them and later attempted to use them unilaterally to its own benefit without providing the documents to the Plaintiff. Again, the Defendant failed to show how it was substantially justified in its failure to disclose these documents when it intended to rely on them. Moreover, if Defendant's claims are true and it intended to assert a bona fide error defense as of the filing of its Answer—despite its numerous statements to the contrary in both its objections and during meet and confer calls with the Plaintiff—then Nationstar knew it intended to rely on these non-disclosed documents back in November of 2013 and clearly these documents should have been disclosed months ago in its initial Rule 26(a)(1) disclosures. Thus, Nationstar's use of these documents in support of its motion for summary judgment, and particularly the Loll and Fillmon declarations, is inappropriate and Nationstar should not be permitted to benefit from their use.

     Nationstar argues that it provided notice of its bona fide error defense in its Answer to the Plaintiff's Complaint. This notice was a mere boilerplate recitation that "Plaintiff's individual and class claims are barred by the bona fide error defense pursuant to the FDCPA, 15 U.S.C. § 1692 et seq." Def.'s Answer at 7, ¶ 5. Similarly, it claims that its one response on December 20, 2013 to Plaintiff's Second Set of Interrogatories that mentions a bona fide error was enough to provide Plaintiff with notice of its defense. Def.'s Opp'n at 2. However, as Plaintiff has explained in detail, even after serving its Answer and responses to Plaintiff's discovery, Nationstar repeatedly and affirmatively continued to represent that it was not pursuing a bona fide error defense. Moreover, at the time of this response to Plaintiff's interrogatory, the Defendant still had not withdrawn its objections in which it stated that it was not pursuing a bona

fide error defense. *See* infra Part B, at 7. The Defendant also asserts that its "Welcome Package" provided evidence of procedures to comply with § 1692g and of its bona fide error defense. As Plaintiff already discussed in his opening brief, this document does not address FDCPA guidelines or the specific requirements of § 1692g whatsoever. Pl.'s Mem. Supp. Mtn. for Sanctions at 11. Thus, it is not helpful at all to either the Defendant or the Plaintiff in defending against a bona fide error defense.

The Parties are deep into this case and trial is currently scheduled for May 12, 2014, just over one month away. Plaintiff has fashioned his discovery and his litigation strategy, in large part, on the fact that Nationstar was not pursuing a bona fide error defense. Plaintiff did not press for certain documents from Nationstar—who has the burden to prove this affirmative defense—because it repeatedly represented that it was not pursuing this defense. Similarly, Plaintiff filed and supported his Motion for Class Certification based upon this same representation. Moreover, the Plaintiff has relied on Nationstar's mandatory disclosures in formulating his discovery strategy and determining which documents and depositions were necessary to undertake the prosecution of his case. To allow Nationstar the benefit of a bona fide error defense, after it spent *over six months* denying that it was pursuing and refusing to produce documents relating to this defense because it was irrelevant, would substantially prejudice the Plaintiff. Similarly, allowing Nationstar the benefit of using testimony from a witness it intentionally withheld from its mandatory disclosures until after the deadline for serving written discovery and conducting a meaningful deposition had passed would also be prejudicial.

Further, Plaintiff has no ability to cure this deficiency, as discovery is now closed. Nationstar has not produced any documents supporting, or even relating to, its bona fide error defense. Nor does Plaintiff have the ability to cross examine Ms. Fillmon or Mr. Loll without

the benefit of the documents referenced in their declarations in support the Defendant's summary judgment motion. To allow such a late stage defense and disclosures would either 1) substantially prejudice the Plaintiff by permitting the Defendant to benefit from its tactical refusal to provide this information, or 2) require the Court to substantially postpone the trial date and again extend the discovery deadline to allow Plaintiff to conduct discovery related to this defense. Either one of these options would significantly disrupt the case and the Court's docket. Moreover, allowing such a late disclosure of information would also reward the Defendant's discovery abuse of intentionally withholding information instead of complying with Rule 26 and timely disclosing it.

> B. **Nationstar's Failure to Withdraw Objections Was Not Inadvertent**

The Defendant next argues that its failure to withdraw its initial objections stating that Nationstar was not asserting the bona fide error defense was inadvertent. Def.'s Opp'n at 12. This argument is without merit. On July 26, 2013, Nationstar expressly objected to five interrogatories and seven requests for production of documents on the grounds that these requests were irrelevant to Nationstar's defenses because it was not asserting a bona fide error defense. *See* Ex. 1 to Pl.'s Mem. Supp. Mtn. for Sanctions. Nationstar renewed these objections when it served its formal responses to Plaintiff's first set of discovery on August 15, 2013. *See* Ex. 2 to Pl.'s Mem. Supp. Mtn. for Sanctions. Then, Nationstar again reasserted these same objections in its first and second supplemental discovery responses on September 13, 2013 and February 21, 2014. *See* Exs. 3 and 4 to Pl.'s Mem. Supp. Mtn. for Sanctions. This is not mere "inadvertence" as the Defendant now claims. Instead, it was strategic maneuver intended to prevent Plaintiff from investigating the plausibility of such a defense. Moreover, Nationstar *affirmatively* repeated that it was not pursuing a bona fide error defense again in at numerous

meet and confers and when the Parties were discussing Nationstar's discovery responses and working together to formulate an Agreed Order relating to the Rule 30(b)(6) deposition of Nationstar. *See* infra Part IV, at 13–14. These meetings took place in December of 2013 and again in January and February of 2014. Furthermore, the Agreed Order governing the topics for the Rule 30(b)(6) deposition was finalized on February 21, 2014. In reliance on these assurances, Plaintiff did not move to compel documents relating to this defense in his January 31, 2014 Motion to Compel. *See* Dkt. No. 26. For Nationstar to now claim that its failure to withdraw its objections was mere inadvertence is contrary to its representations in meet and confers that it was not pursuing a bona fide error defense and would severely prejudice the Plaintiff.

### C. Defendant Is Without Substantial Justification for Its Noncompliance

While evidence preclusion is a harsh sanction, it is appropriate where a party does not comply with Rule 26 and cannot show that the noncompliance was substantially justified or harmless. *See, e.g.*, *Hastings v. OneWest Bank, FSB*, CIV. GLR-10-3375, 2013 WL 1502008, at *4 (D. Md. Apr. 11, 2013) (stating that evidence preclusion is reserved for cases in which "a party's failure to provide the requested discovery results in prejudice to the resulting party"). The Rule 37(c) advisory committee notes "emphasize that the 'automatic sanction' of exclusion 'provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence.'" *Khosmukhamedov v. Potomac Elec. Power Co.*, CIV.A. AW-11-449, 2012 WL 1670152, at *2 (D. Md. May 11, 2012) (citing Fed. R. Civ. P. 37(c) advisory committee note (1993)). "It is the burden of the party facing sanctions to show that the failure to comply was either substantially justified or harmless." *Metts v. Airtran Airways, Inc.*, CIV.A. DKC 10-0466, 2010 WL 4183020 (D. Md. Oct. 22, 2010) (citing *Carr v. Deeds*, 453 F.3d 593, 602 (4th Cir. 2006)). Nationstar can show neither.

Despite submitting an 18-page brief in opposition to the Plaintiff's motion, Nationstar fails to provide any valid explanation as to why it failed to disclose Ms. Fillmon as a witness until February 21, 2014. Nor did they explain why, when she was disclosed on February 21, 2014, her disclosure merely stated that she "may have discoverable information regarding Nationstar's validation letter"—not that she had knowledge regarding Nationstar's policies and procedures to avoid FDCPA violations. Thus, even after she was disclosed, Nationstar waited three weeks to blind side Plaintiff with Ms. Fillmon's unsubstantiated knowledge when her declaration was submitted on March 13, 2014, in support of its motion for summary judgment. Now, the Defendant attempts to lay the blame for its late and inadequate disclosure on the Plaintiff, claiming it is Plaintiff's fault that he did not depose Ms. Fillmon—after the time for written discovery and the reasonable ability to depose Ms. Fillmon without seeking another discovery extension had passed. Either the Defendant was pursuing a bona fide error defense—despite its representations otherwise—in which case the Defendant knew that it intended to call Ms. Fillmon as a witness long before it disclosed her, or it didn't intend to use her as a witness because it was not pursuing a bona fide error defense. Nationstar cannot have it both ways.

Moreover, Nationstar's argument that Plaintiff failed to act diligently in collecting the other necessary information is also without merit. Again, Plaintiff specifically requested documents relating to the Defendant's bona fide error defense in his discovery requests. Thus, the documents Nationstar later relied upon on the Fillmon and Loll declarations should have been produced during the discovery process. The Defendant repeatedly objected to Plaintiff's discovery requests on the basis of relevance as it claimed it was not pursuing such a defense. These objections were not withdrawn until February 24, 2014. Plaintiff would have had no basis upon which to move to compel these documents based on the Defendant's previous

9

representations that the documents were not relevant to the case because it was not pursuing this defense. Instead, Plaintiff potentially could have been the recipient of Rule 11 sanctions had he attempted to compel documents that apparently had no relevance to the case. This is not a situation in which the Plaintiff sat idly by without diligently pursuing the necessary discovery only to find himself "in a bind" because of his failure as the Defendant suggests. *See* Def.'s Opp'n at 13–15.

Additionally, the Defendant makes much of the fact that Plaintiff failed to ask Mr. Loll questions about the bona fide error defense during the Rule 30(b)(6) deposition. However, as previously explained, even during the Rule 30(b)(6) deposition, Plaintiff was still unaware that the Defendant was seeking any bona fide error defense. Up until it filed its summary judgment motion, the Defendant represented that it was not pursuing this defense. In fact, the only indication otherwise came on February 24, 2014—on the eve of the Rule 30(b)(6) deposition—when Nationstar served its Third Supplemental Objections and Responses to Plaintiff's Discovery that contained narrowed objections without reference to Nationstar not claiming a bona fide error defense. Moreover, Mr. Loll could not have been expected to testify about the policies or procedures because the parties negotiated the 30(b)(6) topics and entered an agreed order before the narrowed objections were served on February 24, 2014. However, there was no more than withdrawn objections to indicate that Nationstar might have changed its position. After Nationstar spent more than six months denying that it was pursuing a bona fide error defense, Plaintiff had no reason to believe otherwise.

### D. The Evidence at Issue Is of Great Importance

As Plaintiff previously explained, the importance of any evidence supporting or refuting a bona fide error defense is vital to the Plaintiff's case. The bona fide error defense is a narrow

exception to the general rule that the FDCPA is a strict liability statute, and it provides a complete defense to a debt collector's violation of the FDCPA. *See* 15 U.S.C. § 1692k. The Defendant attempts to downplay its importance and claims "Plaintiff's assessment of such materials would likely be the same—namely, Plaintiff would argue they are irrelevant and do not support Nationstar's bona fide error defense." Def.'s Opp'n at 16. However, this is not Plaintiff's assessment of the evidence. If it was Plaintiff's belief, then Plaintiff never would have brought this motion in the first place. Instead, Plaintiff believes that this evidence is key to his opposition to Nationstar's newly asserted bona fide error defense.

## II. MR. LOLL'S DECLARATION SHOULD ALSO BE EXCLUDED

Despite Plaintiff's brief devoting approximately five pages to his argument seeking to exclude Mr. Loll's testimony, the Defendant does not address the Plaintiff's arguments at all. In fact, Nationstar fails to provide any opposition whatsoever to the Plaintiff's arguments for excluding Mr. Loll's Declaration. Thus, it can only be concluded that the Defendant concedes that Mr. Loll's declaration must be excluded. Plaintiff submits that Mr. Loll's testimony should be excluded for two reasons: 1) his declaration is based on evidence that Nationstar failed to produce in discovery, and 2) his declaration is not based on his personal knowledge as confirmed by his deposition testimony during the Rule 30(b)(6) Deposition of Nationstar, where he served as the corporate designee. Pl.'s Mem. Supp. Mtn. for Sanctions at 17–21.

Plaintiff will not rehash the arguments made in his opening brief. There is no need to do so, as they have gone unopposed. Instead, the Defendant's only discussion of Mr. Loll is in the context of its disclosure of him as a witness in its initial disclosures more than six months before the close of discovery. *See* Def.'s Opp'n at 9, 12. However, the Plaintiff does not seek to exclude Mr. Loll's testimony based on the fact that his identity was not disclosed in a timely

manner. That argument was made solely for the Defendant's untimely disclosure of Ms. Fillmon. Instead, as previously stated, Plaintiff seeks to exclude Mr. Loll's testimony because his declaration was premised upon undisclosed and previously unidentified documents that Plaintiff was not provided at any point in discovery in this case. Additionally, Mr. Loll was only disclosed as a corporate representative for Nationstar, and not because of any personal knowledge of discoverable information that he possessed. However, as Plaintiff previously discussed in detail, Mr. Loll possesses no personal knowledge of much of the information in his declaration, despite his claim otherwise. His declaration thus constitutes inadmissible hearsay. For these reasons, and because the Defendant presented no opposition to the Plaintiff's arguments, Mr. Loll's declaration should be stricken.

### III.     RULE 37(C)(1)'S EVIDENCE PRECLUSION IS AUTOMATIC, RATHER THAN PERMISSIVE.

The Defendant not only misconstrues its duties under Rule 26(a)(1), but also misunderstands the remedies of Rule 37(c)(1). The language in the rule could not be clearer: if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at trial. *See Rambus, Inc. v. Infineon Technologies AG,* 145 F. Supp. 2d 721, 727 (E.D. Va. 2001) (holding that the rule's plain language requires no bad faith or callous disregard of the discovery rules in order impose the automatic preclusion sanction). There is no "may" or other permissive language in the statute. Instead, the plain language of the statute states that the sanctions are mandatory. *Id*. Additional or alternate sanctions under Rule 37(c)(1)(A)–(C), are discretionary, providing that the court may award expenses such as fees and costs, informing the jury of the Defendant's failure to comply with Rule 26(a)(1), and other sanctions. The Plaintiff

12

seeks automatic remedies as well as discretionary relief in this motion. However, the remedy of automatic exclusion is critical to the Plaintiff's ability to run effectively litigate his case.

### IV. PLAINTIFF ENGAGED IN NUMEROUS MEET AND CONFERS WITH THE DEFENDANT

The Defendant is aware that there have been multiple meet and confers in this case. As Plaintiff stated in his opening brief, numerous meet and confers occurred prior to filing this motion. *See* Pl.'s Mem. Supp. Mtn. for Sanctions at 3, 11.

In December of 2013, counsel for the Parties engaged in a meet and confer regarding the Defendant's discovery objections and its lack of document production. During this call, counsel for the Parties discussed Nationstar's objections to requests on the basis that it was not pursuing a bona fide error defense. Plaintiff's counsel informed Nationstar that Plaintiff required this requested documents and information, **unless** Nationstar was not pursuing a bona fide error defense. Nationstar specifically stated that it was not pursuing a bona fide error defense. Because of this representation, Plaintiff did not press for the requested documents and information that related to such a defense. Counsel for the Parties again met and conferred in January of 2014 regarding Nationstar's discovery noncompliance. During this call, counsel for Nationstar again confirmed that it was not asserting any bona fide error defense. Based on these assurances, Plaintiff filed a narrowly tailored Motion to Compel that did not seek any policies or procedures that would be relevant to the bona fide error defense. (Dkt. No. 26)

On January 20, 2014, Plaintiff served its Rule 30(b)(6) Notice of Deposition with a list of topics. In February of 2014, the Parties engaged in numerous additional meet and confers, during which they spent a significant amount of time narrowing the topics of inquiry for the Rule 30(b)(6) deposition of Mr. Loll. During the near month long discussions relating to narrowing

these topics and creating an Agreed Order for Nationstar's 30(b)(6) witness' topics, the Defendant still made no indication that it had changed its position and now sought to assert a bona fide error defense

Therefore, the Plaintiff did not file this motion without first having engaged in multiple meet and confers with the Defendant. The Plaintiff diligently complied with his duties relating to the meet and confer process and, on numerous occasions, attempted to elicit Nationstar's compliance with its discovery obligations. The problem arose because the Defendant is now acting in full contradiction to the Parties previous assurances and representations. After spending over six months affirmatively representing that it was not pursuing a bona fide error defense, and then withholding documents on that same basis, Nationstar completely reversed its position in the eleventh hour and now attempts to use its withheld documents to support a bona fide error defense. However, throughout this litigation, and even during the Rule 30(b)(6) deposition, Plaintiff has relied upon the Defendant's disclosures, discovery responses and the results of our many meet and confer efforts indicating otherwise. To now allow the Defendant the benefit of these withheld documents and witnesses would be severely prejudicial to the Plaintiff.

## **CONCLUSION**

In summary, the Defendant has simply failed to satisfy its burden in showing that it was substantially justified in not disclosing Ms. Fillmon, the bona fide error defense, or documents used to support a bona fide error defense. Nor has the Defendant shown how this noncompliance with Rule 26 is harmless. Alternatively, Plaintiff has shown significant harm resulting from the Defendant's noncompliance. Therefore, Nationstar should not be permitted to rely on these witnesses and documents, and they should each be excluded.

Rule 37(c)(1) provides clear authority for the court to remedy Nationstar's discovery non-compliance. The minimum appropriate sanction is entry of an order (1) prohibiting Nationstar from supporting any bona fide error defense; (2) excluding any testimony from Nationstar's employee, Gloria Fillmon, who was disclosed ten months after this litigation commenced; and (3) striking the Declaration of A.J. Loll filed with Nationstar's Motion for Summary Judgment. In addition, the Plaintiff respectfully requests that the court order all other relief it deems just under Rule 37(c)(1)(A)-(C).

Respectfully submitted,

**TIMOTHY KELLY,** *on behalf of himself and all others similarly situated*,

By:_____/s/_____
Janelle Mason Mikac, VSB#82389
Matthew J. Erausquin, VSB#65434
Casey S. Nash, VSB#84261
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
(703) 273-7770 - Telephone
(888) 892-3513 - Fax
E-mail: janelle@clalegal.com
E-mail: matt@clalegal.com
E-mail: casey@clalegal.com

Leonard A. Bennett, VSB#37523
Susan M. Rotkis, VSB# 40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, V A 23601
(757) 930-3660 - Telephone
(757) 930-3662 - Fax
E-mail: lenbennett@clalegal.com
E-mail: srotkis@clalegal.com

Kristi C. Kelly, VSB#72791
Andrew J. Guzzo
KELLY & CRANDALL, PLC

        4084 University Drive, Suite 202A
        Fairfax, VA 22030
        (703) 424-7572 - Telephone
        (703) 591-0167 – Fax
        E-mail: kkelly@kellyandcrandall.com
        E-mail: aguzzo@kellyandcrandall.com

        Dale W. Pittman, VSB#15673
        THE LAW OFFICE OF DALE W. PITTMAN, P.C.
        The Eliza Spotswood House
        112-A West Tabb Street
        Petersburg, VA 23803
        (804) 861-6000 - Telephone
        (804) 861-3368 - Fax
        E-mail: dale@pittmanlawoffice.com

        *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

        I hereby certify that on this 4th day of April, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John C. Lynch, Esq.
Jason E. Manning, Esq.
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
E-mail: john.lynch@troutmansanders.com
E-mail: Jason.manning@troutmansanders.com

                                                /s/
                                    Janelle Mason Mikac, VSB#82389
                                    *Counsel for the Plaintiff*
                                    CONSUMER LITIGATION ASSOCIATES, P.C.
                                    1800 Diagonal Road, Suite 600
                                    Alexandria, VA 22314
                                    (703) 273-7770 - Telephone
                                    (888) 892-3513 - Fax
                                    E-mail: janelle@clalegal.com