IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMOTHY KELLY,
on behalf of himself and
all others similarly situated,

    Plaintiff,

v.                                Civil Action No. 3:13cv311 (JAG)

NATIONSTAR MORTGAGE, LLC,

    Defendant.

## ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, the Court has been advised that the Parties to this action, Timothy Kelly, ("Plaintiff"), and defendant Nationstar Mortgage, LLC ("Defendant"), through their respective counsel, have agreed, subject to Court approval following notice to the Settlement Class Members and a hearing, to settle the above-captioned lawsuit (the "Litigation") upon the terms and conditions set forth in the Settlement Agreement and Release (the "Settlement Agreement"). The Settlement Agreement has been filed with the Court and the definitions set forth in the Settlement Agreement are incorporated by reference herein.

Based upon the Settlement Agreement and all of the files, records, and proceedings herein, it appears to the Court that, upon preliminary examination, the proposed settlement is fair, reasonable, and adequate. A hearing will be held on May 4, 2015 at 9am after notice to the proposed Settlement Class Members to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Approval Order should be entered in the Litigation.

IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Litigation and over all settling Parties hereto.

2. **Settlement Class**: The Settlement Class shall include that class certified by the court by Order dated April 2, 2014 (Docket No. 79), *id est*:

> All natural persons residing in Virginia to whom Defendant sent a dunning notice similar to the FDCPA Letter: (i) in an attempt to collect a debt serviced by the Defendant; (ii) that Defendant's records show was in default at the time it received the rights to service the debt; (iii) that was incurred primarily for personal, household, or family purposes; (iv) during the one year period prior to the filing of the Complaint in this matter; (v) whose components of the debt stated in the FDCPA Letter did not equal the total debt also disclosed in the FDCPA Letter; and (vi) whose loan was listed within the set of files and/or letters produced by the Defendant pursuant to the Court's Order. Members of the class include the individuals who fall within the above definition and persons considered co-borrowers with those individuals, regardless of whether any ambiguity exists as to whether the co-borrowers would otherwise fall within the previously-certified class definition.

Members of the Settlement Class are hereafter referred to as "Settlement Class Members."

3. If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and all parties shall stand in the same procedural position as if the Settlement Agreement and all associated proceedings had not been negotiated, made, or filed with the Court.

4. **Class Representative Appointment**: Pursuant to Fed. R. Civ. P. 23, the Court has already certified Timothy Kelly as the class representative for the Class. The Court has previously found that Plaintiff has no interests that are adverse or antagonistic to the interests of

2

the Class. Plaintiff shares common interests with the Class Members. Each Settlement Class Member will benefit, or have the option of benefitting, from the settlement fund, without the deduction of attorneys' fees and costs from that fund.

5. **Class Counsel Appointment**: Having considered the work that Class Counsel has done in investigating potential claims in this action, counsel's experience in handling class actions and other complex litigation, counsel's experience in handling claims of the type asserted in this action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class, the following attorneys have been previously and remain designated class counsel under Fed. R. Civ. P. 23(g)(1): Leonard Bennett, Matthew J. Erausquin, Susan M. Rotkis, Casey M. Nash of Consumer Litigation Associates, P.C., Kristi C. Kelly and Andrew J. Guzzo of Kelly & Crandall PLC, and Dale W. Pittman of The Law Office of Dale W. Pittman, P.C.

6. **Creation of and Deposit into Settlement Fund**: Within five days of entry of this Order, Class Counsel shall establish an escrow account or equivalent account reasonably approved by Defendant at Towne Bank, a federally-insured financial institution (the "Financial Institution"), which shall be considered a common fund created as a result of the Litigation. Class Counsel and Defendant's Counsel shall direct the Financial Institution to make distributions from the Settlement Fund only in accordance with the Settlement Agreement. No funds shall be distributed or paid by the Financial Institution without written confirmation from both Class Counsel and Defendant's Counsel. Class Counsel shall promptly notify Defendant's Counsel of the date of the establishment of the Settlement Fund account. Within twenty (20) business days following entry of this Preliminary Approval Order, Defendant shall deposit or cause to be deposited, with the Financial Institution, by draft or by wire, the aggregate amount of

two hundred thousand dollars ($200,000.00). In no event shall Defendant contribute more than two hundred thousand dollars ($200,000.00) total into the Settlement Fund. The Settlement Fund may not be commingled with any other funds and may be held in cash, cash equivalents, certificates of deposit or instruments insured by an arm of or backed by the full faith and credit of the United States Government. Interest earned, if any, on the Settlement Fund shall be for the benefit of the Settlement Class in the event the Settlement Agreement is not terminated by the Defendant and the Effective Date otherwise occurs.

7. **Class Action Administration**: Class Counsel shall oversee the administration of the settlement and the notification to proposed Settlement Class Members as directed in the Settlement Agreement. Notice and Administration Expenses shall be paid in accordance with Section 10 of the Settlement Agreement. The settlement checks shall issue from the Settlement Fund only and Class Counsel will verify that the settlement checks were mailed.

8. **Class Notice**: The Court approves the form and substance of the Notice Plan proposed in the Settlement Agreement and Mail Notice attached as Exhibit B to the Settlement Agreement. The proposed forms and methods for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. The proposed notice constitutes the best notice that is practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice. The Court finds that the proposed notice concisely and clearly states, in plain, easily understood language, the nature of the action; the definition of the class certified; the class claim, issues, and defenses; that a class member may enter an appearance through counsel if the member so desires; that the Court will exclude from the class any member entitled to exclude him or herself who requests exclusion; the time and manner for requesting exclusion, if

applicable; and the binding effect of a class judgment on class members. The Notice Plan is designed for notice to reach a significant number of class members and is otherwise proper under Rule 23(e)(1).

Based on the foregoing, the Court hereby approves the Notice Plan developed by the Parties and directs that the plan be implemented according to the Settlement Agreement. The Court finds that the Notice Plan directs notice in a reasonable manner under Rule 23(e)(1) and satisfies due process.

9. **Exclusions from the Settlement Class**: Any proposed Settlement Class Member who desires to be excluded from the Settlement Class must send a written request for exclusion to Class Counsel that is received no later than twenty-one (21) days before the Final Fairness Hearing. To be effective, the written request for exclusion must be addressed appropriately and contain the Settlement Class Member's original signature, current postal address, and a specific statement that the proposed Settlement Class Member wants to be excluded from the Settlement Class. Any proposed Settlement Class Member who submits a valid and timely request for exclusion shall not be bound by the Settlement. Class Counsel shall not solicit opt-outs and, if contacted, shall refer any such opt-outs to the applicable state bar association for appropriate counsel in any subsequent litigation against the Released Parties.

10. **Objections**: Any Settlement Class Member who does not opt-out, but who instead wishes to object to the Settlement or any other matters as described in the Mail Notice, may do so by filing with the Court a notice of his or her intention to object (which shall set forth each objection and the basis therefore and contain the objecting Settlement Class Member's signed verification of membership in the Settlement Class), with any papers in support of his or her position, and serve copies of all such papers upon Class Counsel and Defendant's Counsel.

Objections must be filed and served no later than twenty-one (21) days before the Final Fairness Hearing. Objections to Class Counsel's Attorneys' Fees may be supplemented up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion. Finally, the written objection must indicate whether the Settlement Class Member and/or his lawyer(s) intend(s) to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than ten (10) days before the Final Fairness Hearing and shall include the full caption and case number of each previous class action case in which that counsel has represented an objector.

Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement. Settlement Class Members who file exclusions, if applicable, may not object to the settlement.

11. **Preliminary Approval:** The Court preliminarily finds that the settlement of the Litigation, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members; the strength of the Parties' cases; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Settlement Class Members; and the limited amount of any potential total recovery for Settlement Class Members if litigation continued.

12. **Final Approval**: The Court shall conduct a Final Fairness Hearing on May 4, 2015 at 701 East Broad Street, Richmond, VA 23219, commencing at 9:00 am, to review and rule upon the following issues:

   a. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members and should be approved by the Court;

   b. Whether the Final Approval Order should be entered, dismissing the Litigation with prejudice and releasing the Released Claims against the Released Parties; and

   c. To discuss and review other issues as the Court deems appropriate.

13. Settlement Class Members need not appear at the Final Fairness Hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class Members wishing to be heard are, however, required to indicate in their written objection whether or not they intend to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class Members.

14. An application or applications for attorneys' fees and reimbursement of costs and expenses from the Settlement Fund by Class Counsel, as well as application for a class representative incentive award, shall be filed with the Court no later than ten (10) days before the Final Fairness Hearing. Further submissions by the Parties, including memoranda in support of the proposed settlement and responses to any objections, shall be filed with the Court no later than ten (10) days prior to the Final Fairness Hearing. The Court will permit the supplementation of any filings by objectors as to attorneys' fees and costs at any date up to seven

(7) days after the filing of a motion for such fees to address additional information or materials in the motion. The Parties may respond to this supplementation.

15. The Settlement Agreement and this Order shall be null and void if any of the following occur:

    a. The Settlement Agreement is terminated or any specified material condition to the settlement set forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

    b. The Court rejects, in any material respect, the Final Approval Order substantially in the form and content to be submitted by the Parties and the Parties fail to consent to the entry of another form of Order in lieu thereof;

    c. The Court rejects any material component of the Settlement Agreement, including any amendment thereto approved by the Parties, and the Parties do not consent to the Court's rejection; or

    d. The Court approves the Settlement Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

16. If the Settlement Agreement and/or this Order are voided per ¶ 15 of this Order:

    a. The Settlement Agreement shall have no further force and effect and shall not be offered in evidence or used in the Litigation or in any other proceeding. This provision, however, shall have no effect on the Court's previous certification Order (Docket No. 79) and Defendant's right to appeal any previous Order of the Court;

b. Counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from the Settlement Agreement set aside, withdrawn, and stricken from the record;

c. The Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and

d. The Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

17. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

DATED: 12/12/14

/s/
John A. Gibney, Jr.
JOHN A. GIBNEY, United States District Judge
UNITED STATES DISTRICT COURT JUDGE